UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRISTA PEOPLES, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION and USAA CASUALTY INSURANCE COMPANY,<br><br>　　　　　　　　Defendants. | No.<br><br>**CLASS ACTION**<br><br>**NOTICE OF REMOVAL** |

TO:　　　　THE CLERK OF THE COURT;

AND TO:　　Krista Peoples, Plaintiff;

AND TO:　　David E. Breskin and Brendan W. Donckers (Breskin Johnson Townsend, PLLC) and Young-Ji Ham (Washington Injury Lawyers PLLC), attorneys for Plaintiffs.

　　PLEASE TAKE NOTICE that Defendants United Services Automobile Association ("USAA") and USAA Casualty Insurance Company ("CIC") (collectively, "Defendants"), in accordance with the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 199 Stat. 4, codified in pertinent part at 28 U.S.C. §§ 1332(d), 1446, and 1453, hereby remove to this

NOTICE OF REMOVAL – 1

Court the lawsuit captioned *Peoples v. United Services Automobile Association, et al.*, No. 18-2-16812-1 SEA, filed in the Superior Court of the State of Washington in and for the County of King (the "Action"). In support of this Notice of Removal, Defendants state:

## I.   INTRODUCTION

1.      On July 9, 2018, Plaintiff Krista Peoples filed this Action on behalf of herself and a putative class of plaintiffs. (*See* Complaint in Attorney Verification of State Court Record.)

2.      Plaintiff alleges that she was injured in an auto accident in King County on September 26, 2015, and made a claim for Personal Injury Protection ("PIP") medical expense benefits under her Washington auto insurance policy. (Complaint ¶¶ 7-9, 11, 21-22.) Plaintiff asserts that Defendants improperly failed to pay the full amount of certain of her medical bills because Defendants determined, based on the results of a computerized bill review by a third party, that Plaintiff's bills "exceeded a reasonable amount for the service provided." (*Id.* ¶¶ 24-25, 28, 30.)[1] Plaintiff contends that Defendants' alleged failure to pay her and the putative class members' reasonable medical expenses violated Washington law. (*Id.* ¶¶ 13-16, 99-114.) She alleges that Defendants "processed, reduced, and paid the bills of the putative class of more than 1,100 Washington insureds using the same common practices and procedures that were applied to bills submitted by Ms. Peoples and reduced based solely and exclusively on an automated computerized review of bills" by a third-party vendor. (*Id.* ¶ 56.) Plaintiff further contends that Defendants "systematically, consistently and repeatedly underpaid providers and resulted in USAA systematically, consistently and repeatedly failing to make

---

[1] Plaintiff also contends that Defendants "denied total payment" of her other medical bills on the basis of a review of her submitted documentation, which did "not support the medical necessity and/or relatedness of the treatment to the loss following an apparent lapse in treatment—i.e., " 'Prior review of the submitted documentation did not substantiate the need for continued' therapy." (Complaint ¶¶ 34, 36.) Plaintiff brings this claim only individually, and not on behalf of a putative class. (*Id.* ¶¶ 85-94.)

NOTICE OF REMOVAL – 2

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

'payments of all reasonable' medical expenses under its PIP policy as required by the Washington PIP statute." (*Id.* ¶ 68.)

3. Plaintiff defines the putative class as follows:

> All Washington insureds who from September 1, 2015 to July 5, 2018 ("Class period") had their PIP claims for reimbursement of medical expenses reduced by Defendant USAA [defined as "the Defendant corporations, United Services Automobile Association and USAA Casualty Insurance Company" (Complaint ¶ 2)] based solely on an Explanation of Reimbursement ("EOR") form sent to the insured's provider stating that the bill exceeded a "reasonable amount for the service provided".

(*Id.* ¶ 71.)

4. On behalf of herself and the putative class, Plaintiff brings a single claim under the Washington Consumer Protection Act, 19.86 RCW, *et seq*. (*Id.* ¶¶ 99-114.) Among other things, Plaintiff seeks actual damages, treble damages,[2] attorneys' fees and costs, and prejudgment interest. (*Id.* ¶¶ 115-117.) The Complaint also provides:

> Excluded from damages are reduced or denied bills submitted on PIP claims where the policy limits on the claims were already exhausted at the time the bill was submitted for payment to USAA. Damages include bills that were reduced or denied when sufficient policy limits existed on the PIP claim to pay the bill when the bill was submitted to USAA for payment. Damages include out of pocket expenses that were incurred as a result of USAA's reduction or denial of a bill without regard for whether and when policy limits became exhausted.

(*Id.* ¶ 117.)

5. As demonstrated below, this Action is removable pursuant to CAFA. The Action is a "class action" within the meaning of 28 U.S.C. §§ 1332(d)(1)(A), (B), and 1453(a);[3] the removal is timely; there is diversity of citizenship between Plaintiff and

---

[2] Under the CPA, the exemplary/treble award is capped at $25,000 per claimant. *See* RCW 19.86.090.

[3] The term "class action" means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This action is brought by Plaintiff pursuant to the Washington class action statute on behalf of a putative plaintiff class.

NOTICE OF REMOVAL – 3

1  Defendants; there are at least 100 putative plaintiff class members; and the amount in
2  controversy exceeds $5,000,000, exclusive of interest and costs.  *See id.* §§ 1332(d)(2),
3  (d)(5)(B), (d)(6), 1441, 1446, 1453.

4        6.      Intradistrict Assignment:  This Action was originally filed in the Superior Court
5  in and for the County of King, and is therefore removable to this District.  *See* 28 U.S.C. §
6  1441(a); LCR 3(e).  Defendants reserve, and do not waive, any objections they may have to
7  service, jurisdiction, or venue, and any and all other defenses or objections to the Action.

8        7.      Pursuant to 28 U.S.C. § 1446(a) and Local Rule CR 101(b), Defendants have
9  filed the Attorney Verification of State Court Record simultaneously with this Notice of
10 Removal, as well as a copy of this Notice of Removal with the King County Superior Court.

11 **II.   TIMELINESS OF REMOVAL**

12       8.      Plaintiff filed the Action on July 9, 2018.  *See supra* ¶ 1.  On July 10, 2018,
13 Plaintiff served the Office of the Insurance Commissioner, State of Washington, with the
14 Complaint and summonses directed to Defendants.  The Commissioner forwarded those
15 documents to CSC (Defendants' agent for service of process), which received them on July
16 16, 2018.  (*See* Attorney Verification of State Court Record.)  This Notice of Removal is
17 therefore timely.  *See* 28 U.S.C. §§ 1446(b), 1453.

18 **III.  DIVERSITY OF CITIZENSHIP**

19       9.      This Action satisfies CAFA's requirements for diversity of citizenship.

20       10.     Under CAFA, complete diversity of citizenship is not required.  Instead, CAFA
21 requires only "minimal diversity":  "any member of a class of plaintiffs is a citizen of a State
22 different from any defendant."  *See id.* § 1332(d)(2)(A).  Moreover, under CAFA the
23 citizenship of unincorporated associations is treated like that of corporations:  "an
24 unincorporated association shall be deemed to be a citizen of the State where it has its
25 principal place of business and the State under whose laws it is organized."  *Id.* § 1332(d)(10).

NOTICE OF REMOVAL – 4

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

11. In this Action, CAFA diversity is satisfied. Plaintiff is a citizen of Washington state. (*E.g.*, Complaint ¶ 1.) Defendants are both citizens of Texas: Defendant USAA is a reciprocal interinsurance exchange (an unincorporated association) organized under the laws of the state of Texas, with its principal place of business in Texas, and Defendant CIC is a Texas corporation with its principal place of business in Texas. Because Defendants are Texas citizens, and Plaintiff is a Washington citizen, CAFA diversity exists. Furthermore, because neither Defendant is a citizen of the state of Washington, no possible exception (discretionary or mandatory) to CAFA jurisdiction applies. *See* 28 U.S.C. §§ 1332(d)(3), (d)(4)(A), (d)(4)(B).

## IV. NUMBER OF PUTATIVE PLAINTIFF CLASS MEMBERS

12. Under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be 100 or more. *See* 28 U.S.C. § 1332(d)(5)(B).

13. Here, the number of putative plaintiff class members is at least 100. Plaintiff alleges that there are "more than 1,100" class members. (*E.g.*, Complaint ¶ 51.) Moreover, although Defendants deny that the proposed class and claims are proper, for purposes of this Notice, Defendants agree that this CAFA requirement is satisfied here.

## V. THE AMOUNT IN CONTROVERSY

14. Defendants dispute that Plaintiff has stated any viable claims or that damages or any other forms of relief are owed to Plaintiff or to any member of the putative class. Nevertheless, it is evident from the allegations of the Complaint and the nature of Plaintiff's claims that the amount in controversy exceeds CAFA's jurisdictional threshold of $5,000,000, exclusive of interest and costs. *See, e.g.*, *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in

NOTICE OF REMOVAL – 5

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

dispute, not a prospective assessment of defendant's liability.").[4]

15.     First, Plaintiff seeks money damages on behalf of all putative class members. The total amount of submitted PIP medical charges that Defendants allegedly did not pay to their Washington insureds from September 1, 2015 to July 5, 2018, as reflected in an EOR stating that the bill exceeded a reasonable amount for the service provided, is at least $1.97 million.  In arriving at this figure, Defendants applied the standards set out in Plaintiff's class definition and in Paragraph 117 of the Complaint.  Defendants "[e]xcluded from damages . . . reduced or denied bills submitted on PIP claims where the policy limits on the claims were already exhausted at the time the bill was submitted for payment to USAA," but included damages "for bills that were reduced or denied when sufficient policy limits existed on the PIP claim to pay the bill when the bill was submitted to USAA for payment."  Plaintiff also seeks damages for, among other things, "delay" in the payment of medical bills, "investigative expenses," and "out-of-pocket costs" allegedly incurred. (Complaint ¶¶ 33, 116.) Defendants did not include those alleged damages in their calculation of the amount in controversy.

16.     Plaintiff also seeks treble damages under the CPA, RCW 19.86.90. The amount set forth in Paragraph 15, trebled (and taking into consideration the $25,000 statutory cap, *see supra* note 2),[5] is at least $5.66 million.  Therefore, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, without of consideration Plaintiff's other elements of recovery.

17.     Plaintiff also seeks statutory attorneys' fees under the CPA. (Complaint ¶ 122.)

---

[4] Plaintiff asserts that the total amount in controversy is less than $5 million. (Complaint ¶ 69.) Plaintiff's allegation is irrelevant. *See, e.g.*, *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592-93, 596 (2013); *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) ("[D]istrict courts must necessarily look beyond the four corners of the complaint when the complaint alleges damages below the jurisdictional minimum.") (internal quotations omitted).

[5] In other words, Defendants "capped" treble damages at a maximum of $25,000 for each putative class member.

NOTICE OF REMOVAL – 6

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1  These fees, too, must be included in the amount in controversy.  *See, e.g.*, *Galt G/S v. JSS*

2  *Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *Dawsey v. Travelers Indem. Co.*, No. 3:15-

3  cv-05188-RBL, 2015 WL 4394545, at *3 (W.D. Wash. July 16, 2015) (noting that Ninth

4  Circuit has established 25% of common fund as "benchmark" for attorneys' fees award).

5      18.    Accordingly, this Action is removable under CAFA.

6  DATED this 9th day of August, 2018.

                                                                                                  CORR CRONIN LLP

*s/ Michael A. Moore*
Michael A. Moore, WSBA No. 27047
1001 Fourth Avenue, Suite 3900
Seattle, Washington  98154
(206) 625-8600 Phone
mmoore@corrcronin.com


CORR CRONIN LLP

*s/ David B. Edwards*
David B. Edwards, WSBA No. 44680
1001 Fourth Avenue, Suite 3900
Seattle, Washington  98154
(206) 625-8600 Phone
dedwards@corrcronin.com


CORR CRONIN LLP

*s/ Jordann M. Hallstrom*
Jordann M. Hallstrom, WSBA No. 48036
1001 Fourth Avenue, Suite 3900
Seattle, Washington  98154
(206) 625-8600 Phone
jhallstrom@corrcronin.com

*Attorneys for Defendants*

NOTICE OF REMOVAL – 7

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**DECLARATION OF SERVICE**

The undersigned declares as follows:

1. I am employed at Corr Cronin LLP, attorneys of record for Defendants.

2. On August 9, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| David E. Breskin, WSBA No. 10607<br>Brendan W. Donckers, WSBA No. 39406<br>Breskin Johnson & Townsend PLLC<br>1000 Second Ave., Suite 3670<br>Seattle, WA  98104<br>Phone: (206) 652-8660<br>Email: dbreskin@bjtlegal.com<br>          bdonckers@bjtlegal.com | ☒ Via ECF<br>☐ Via U.S. Mail<br>☐ Via Messenger Delivery<br>☐ Via Overnight Courier<br>☐ Via electronic mail |
| Young-Ji Ham, WSBA No. 46421<br>Washington Injury Lawyers PLLC<br>1001 Fourth Ave., Suite 3200<br>Seattle, WA 98154<br>Phone: (425) 312-3057<br>Email: youngji@washinjurylaw.com | ☒ Via ECF<br>☐ Via U.S. Mail<br>☐ Via Messenger Delivery<br>☐ Via Overnight Courier<br>☐ Via electronic mail |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 9th day of August, 2018, at Seattle, Washington.

*s/ Christy A. Nelson*
Christy A. Nelson

NOTICE OF REMOVAL – 8

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900