FILED

18 JUL 09 AM 10:08

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-16812-1 SEA

1
2
3
4
5
6
7

SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

8

9  KRISTA PEOPLES, an individual,

No.

Plaintiff,

10

**CLASS ACTION**

11  v.

COMPLAINT FOR VIOLATION OF
CONSUMER PROTECTION ACT
CHAPTER 19.86 RCW

12  UNITED SERVICES AUTOMOBILE
ASSOCIATION and USAA CASUALTY
13  INSURANCE COMPANY,

JURY TRIAL DEMANDED

14
Defendants.

15

## I.    INTRODUCTION

16

17      Plaintiff, Krista Peoples, individually and on behalf of all members of the Class of

18  similarly situated Washington health care providers, allege the following Complaint and

19  causes of action against United Services Automobile Association and USAA Casualty

20  Insurance Company ("Defendants" or "USAA").

## II.    PARTIES

21

22      1.      Plaintiff Krista Peoples is a Washington resident.  Ms. Peoples was

23  injured in an auto accident occurring on September 26, 2015, in Seattle, King County,

24  Washington.  During a time period that is material to the allegations herein, Ms.

25  Peoples resided in Seattle, King County, Washington.

26      2.      Defendants United Services Automobile Association and USAA Casualty

27  Insurance Company are foreign insurance companies that are licensed to do business

CLASS ACTION COMPLAINT - 1

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

in Washington and did business in Washington and King County during the time period at issue.  As used herein, "USAA" refers to the Defendant corporations, United Services Automobile Association and USAA Casualty Insurance Company.  USAA has sold and/or underwritten automobile insurance policies in Washington that provided Personal Injury Protection ("PIP") coverage requiring the payment of "all reasonable and necessary" medical expenses incurred by a covered person arising from a covered accident within the meaning of the PIP statute, Chapter 48.22 RCW.

### III.    JURISDICTION AND VENUE

3.    This Court has jurisdiction pursuant to RCW 2.08.010 and RCW 4.28.185.

4.    During the time period at issue, USAA did and continues to do substantial business within King County, Washington.

5.    Pursuant to RCW 4.12.025 and RCW 4.12.020, venue is proper in the King County Superior Court.

### IV.    FACTUAL ALLEGATIONS

**A.    Plaintiff's individual factual allegations**

6.    Plaintiff re-alleges and incorporations the allegations set forth in paragraphs 1 through 5 above.

7.    On September 26, 2015, Plaintiff was merging onto the on-ramp of northbound SR 99, near Bell Street, in Seattle, King County, Washington.

8.    While yielding for traffic ahead, the vehicle behind Ms. Peoples failed to slow down and crashed into Ms. Peoples's vehicle.

9.    Plaintiff suffered injuries as a result of the crash and continues to have pain due to crash-related injuries.

10.    Plaintiff's vehicle sustained substantial damage.

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

11.     At the time, Ms. Peoples was insured by USAA through an automobile policy that contained PIP coverage.

12.     The PIP coverage provided for payment of reasonable and necessary medical expenses.

13.     Under the PIP statute, PIP coverage requires payment of "all reasonable and necessary" medical expenses.  *See* RCW 48.22.005(7)

14.     Under insurance regulations, WAC 284-30-330 *et seq*, insurers are required to adopt and implement reasonable procedures for investigating PIP insurance claims before refusing to pay them in full.

15.     Under insurance regulations, WAC 284-30-330 *et seq*, insurers are required to independently investigate a PIP insurance claim before refusing to pay it in full.

16.     Under insurance regulations, WAC 284-30-330 *et seq*, insurers are prohibited from misrepresenting facts relating to coverage and payment on a PIP claim.

17.     Plaintiff sought and received medical treatment for her injuries.

18.     The medical treatment Ms. Peoples received was causally related to her injuries.

19.     The medical treatment Ms. Peoples received was reasonable and necessary.

20.     As a result of receiving medical treatment and services for her injuries, Ms. Peoples incurred medical expenses.

21.     USAA directs its insureds to have their providers bill USAA for treatment and or directed insureds' providers to bill USAA directly rather than the patient or insured.

22.     Ms. Peoples's medical treatment providers submitted bills for medical expenses incurred by Ms. Peoples to USAA.

CLASS ACTION COMPLAINT - 3

23.     USAA refused to pay the medical expense bills in full submitted by Ms. Peoples's medical treatment providers.

24.     USAA refused to pay the medical expense bills in full even though the bills submitted were the result of reasonable and necessary medical expenses.

25.     USAA refused to pay the medical expense bills in full even though Ms. Peoples's had benefits under her policy that had not been exhausted at the time the bills were submitted.

26.     For instance, on bills sent to USAA by Ms. Peoples's providers, USAA sent those providers an Explanation of Reimbursement ("EOR").

27.     The EOR identified the service provider's name and billing address, the billing provider's name and billing address, the patient, the date of service, the CPT number for the treatment service billed, a description of the treatment service, the units of the treatment being billed, the billed amount, and the "REIM Amount," for the reimbursement amount.

28.     On those EORs where USAA refused to pay Ms. People's medical treatment providers in full, the EOR stated, in pertinent part, that the bill "exceeded a reasonable amount for the service provided."  *See* **Exhibit 1** attached hereto.

29.     However, USAA conducted no independent investigation into the reasonableness of the bill before refusing to pay it in full.

30.     USAA relied solely and exclusively on an automated and arbitrary computerized bill review by a third-party, Auto Injury Solutions ("AIS").  The computer generated an EOR stating that the billed amount "exceeded a reasonable amount for the service provided."  USAA's practice of having AIS do automated computerized reviews and denials based on an EOR stating that the billed amount "exceeded a reasonable amount for the service provided" added an additional term or condition for payment that the billed amount be less than an arbitrary amount set by the computer.

CLASS ACTION COMPLAINT - 4

31.     USAA did not know or investigate the identify, background, credentials, experience, or any other personal characteristic of the individual provider treating Ms. Peoples or those others in the area before refusing to pay the bill in full.

32.     USAA did not know or investigate whether the full amount billed exceeded the maximum reasonable amount for similar providers with similar years of experience or credentials in the city or location where the service was provided.

33.     Ms. Peoples sustained injury and economic damages as a direct and proximate result of USAA's failure to pay her medical expense bills in full, including damages and injury caused by the underpayment of her bills, nonpayment of her bills, and/or delay in payment of her bills.

34.     USAA also denied total payment on some of Ms. Peoples's medical treatment bills.

35.     On the EORs at issue, USAA denied payment on Ms. People's medical treatment bills prior to determining whether the bill was reasonable and necessary. *See* **Exhibit 2** attached hereto.

36.     On the EORs at issue, USAA claimed that a provider's diagnosis did not "support" the service, the submitted documentation "does not support the medical necessity and/or relatedness of the treatment to the loss following an apparent lapse in treatment, or "Prior review of the submitted documentation did not substantiate the need for continued" therapy.

37.     However, these statements were false.

38.     USAA made a decision to deny the bill prior to evaluating the bill for any of the reasons identified in the EORs at issue.

39.     Prior to denying the bill, USAA did not know or investigate the identity, background, credentials, experience, or any other personal characteristic of the provider treating Ms. Peoples or those others in the area.

CLASS ACTION COMPLAINT - 5

40.     Prior to denying the bill, USAA did not contact or communicate with the provider to discuss Ms. Peoples's treatment, the reasonableness of the bill, or the medical necessity of the treatment.

41.     Prior to denying the bill, USAA did not contact or communicate with the provider regarding whether additional information was necessary to evaluate the bill.

42.     Prior to denying the bill, USAA did not contact or communicate with the provider to identify specific information that was necessary to evaluate the.

43.     Prior to denying the bill, USAA did not contact or communicate with its insured to evaluate her background or any other personal characteristics concerning her treatment, the reasonableness of the bill, or the medical necessity of the treatment.

44.     Prior to denying the bill, USAA did not contact or communicate with its insured regarding whether additional information was necessary to evaluate the bill.

45.     Prior to denying the bill, USAA did not contact or communicate with its insured to identify specific information that was necessary to evaluate the bill.

46.     In denying payment on these bills, USAA relied on a computer program that automatically flags certain bills for denial.

47.     These flags include arbitrarily and automatically denying bills where there is a 90-day gap in treatment or when the insured has exceeded 13 treatments for certain CPT procedures.

48.     USAA refused to pay these bills even though Ms. Peoples's providers determined that the treatments were reasonable and necessary.

49.     USAA's practices proximately caused Ms. Peoples to sustain injury and economic damages.

CLASS ACTION COMPLAINT - 6

**B.    Putative class allegations**

50.    Plaintiff re-alleges the facts set forth in paragraphs 1 through 33 as if fully set forth in support of the claims of the Putative Class.

51.    From at least September 1, 2015 to July 5, 2018, more than 1,100 Washington insureds submitted reasonable medical expense bills for payment under a USAA PIP policy and had their payments reduced based solely and exclusively on a computer program.  This putative Class consists of residents of multiple counties in Washington and is geographically diverse.

52.    The bills submitted for payment to USAA by this putative Class of more than 1,100 Washington insureds and had their payments reduced solely and exclusively on a computer program were reasonable.

53.    From at least September 1, 2015, to July 5, 2018, on those bills at issue, USAA stated in EORs that the bill exceeded a "reasonable amount for the service provided."

54.    Whenever the EOR stated that the basis for denying full payment of the amount billed for a CPT procedure was that the bill "exceeded a reasonable amount for the service provided," the process for denying payment was the same. The process was that USAA relied solely and exclusively on an automated and arbitrary computerized bill review Auto Injury Solutions ("AIS"). The computer generated an EOR stating that the billed amount "exceeded a reasonable amount for the service provided." USAA's practice of having AIS do automated computerized reviews and denials based on an EOR stating that the billed amount "exceeded a reasonable amount for the service provided" added an additional term or condition for payment that the billed amount be less than an arbitrary amount set by the computer.

55.    The billed amounts were the provider's usual and customary charge for the CPT procedure billed to auto insurers and paid by other auto insurers who did not use the computer program used by USAA.

CLASS ACTION COMPLAINT - 7

56.     USAA processed, reduced, and paid the bills of the putative Class of more than 1,100 Washington insureds using the same common practices and procedures that were applied to bills submitted by Ms. Peoples and reduced based solely and exclusively on an automated computerized review of bills by AIS.

57.     The average reduction on each EOR stating that the bill exceeded a "reasonable amount for the service provided" averaged less than $20.

58.     The average individual claim of the putative Class of more than 1,100 insureds for underpayments of their bills based solely on EORs stating that the bill exceeded a "reasonable amount for the service provided" is likely to be small and less than $200.  The time it would take insureds to contest the reductions makes it economically infeasible and/or impracticable to do so because the average individual reductions are so small.

59.     The time it would take insureds to contest the reductions or submit additional information to USAA cannot be justified as well because USAA would not and does not consider any such protests or additional information that would be submitted to support the reasonableness of the provider's charge for the CPT procedure billed.  There is no information that a Washington provider could submit to USAA that would cause USAA to pay the billed amount in full when the billed amount has been reduced based solely and exclusively on a computer program other than the insured informing USAA that the insured's provider has commenced action against the insured to be paid the difference between the amount billed and the amount paid by USAA.

60.     Prior to paying insureds' providers less than the full amount billed, USAA had not entered into a contract with the provider to accept less than the provider's usual and customary charge for the services billed other auto insurers.

CLASS ACTION COMPLAINT - 8

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

61.     USAA had not entered into any contract with the provider to accept less than the market rate for the services provided, defined as the amount a willing patient would pay on the open market for the services.

62.     Nor did USAA offer to pay the provider in cash, in full, at the time of service.

63.     USAA did not have a practice of offering to pay providers a reduced "cash rate" at the time of service.

64.     The amount paid was not based on a fee schedule set by the State of Washington.

65.     When USAA paid providers treating the putative Class of more than 1,100 Washington less than the full amount billed, the USAA claims representative or adjustor assigned to the claim did not independently investigate whether the amount billed was a reasonable amount for the provider to charge for the CPT procedure.

66.     Before USAA sent the reduced check or payment to those providers, no one else at USAA made such an investigation.

67.     In paying providers treating the putative Class of more than 1,100 Washington insureds less than the full amount billed based, the person who made the payment for USAA relied solely on a "Reim Amount" set out in the EOR as the amount to pay the provider for the CPT procedure billed.

68.     USAA's practices of making automatic reductions to the bills submitted by the providers treating the putative Class of more than 1,100 Washington insureds were a mere sham used by USAA to avoid its affirmative duty to pay all reasonable medical expense bills submitted and to conduct a reasonable investigation of the provider's PIP claim for reimbursement before denying full payment.  The practices were a mere sham because USAA's practices systematically, consistently and repeatedly underpaid providers and resulted in USAA systematically, consistently and repeatedly failing to

CLASS ACTION COMPLAINT - 9

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1    make "payments of all reasonable" medical expenses under its PIP policy as required

2    by the Washington PIP statute.

3        69.    The total amount in controversy on the claims of the members of the

4    class described in this Complaint is substantially less than Five Million Dollars

5    ($5,000,000).  The maximum amount of all damages, treble or exemplary damages,

6    costs and attorney fees, and/or any other relief awardable under Washington law is

7    less than Five Million Dollars ($5,000,000).

8        70.    Plaintiff is a member of the Class of 1,100 Washington insureds

9    described above.

10              *a)    Civil Procedure Rule 23 Allegations*

11       71.    Plaintiff brings this action as a Class Action for damages sustained by

12   Plaintiff and the putative Class of Washington insureds described above pursuant to

13   Rule 23(a) and(b)(3) of the Washington State Superior Court Civil Rules.  Plaintiff

14   seeks to certify the following Class:

15       All Washington insureds who from September 1, 2015 to July 5, 2018
16       ("Class period") had their PIP claims for reimbursement of medical
         expenses reduced by Defendant USAA based solely on an Explanation of
         Reimbursement ("EOR") form sent to the insured's provider stating that the
17       bill exceeded a "reasonable amount for the service provided".

18       72.    **CR 23(a)(1):** Class certification is proper under CR 23(a) (1) because the

19   members of the class total more than 1,100 insureds and the insureds are

20   geographically dispersed over numerous cities and counties in the state of

21   Washington.

22       73.    Because of the number of Class members and their geographic

23   dispersion, individual joinder of each putative Class member is not practicable.

24       74.    **CR 23(a)(2):** Class certification is proper under CR 23(a)(2) because

25   USAA applied a common practice of making reductions to the bills of all Class

26   members over the class period from September 1, 2015 to July 5, 2018.  USAA's

27

CLASS ACTION COMPLAINT - 10

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

practices raise questions of law and fact common to all members of the Class including:

   a. Whether USAA's practice of making reductions to class member bills was based on an automated computer review  to limit payments on Washington PIP claims.

   b. Whether USAA relied solely and exclusively on an automated and arbitrary computerized bill review by a third-party, Auto Injury Solutions ("AIS").

   c. Whether the AIS computer generated an EOR stating that the billed amount "exceeded a reasonable amount for the service provided."

   d. Whether USAA's practice of having AIS do automated computerized reviews and denials based on an EOR stating that the billed amount "exceeded a reasonable amount for the service provided" added an additional term or condition for payment that the billed amount be less than an arbitrary amount set by the computer.

   e. Whether it was USAA's practice when making reductions to rely on the "REIM amount" set out by AIS's computer in a draft EOR and to not have USAA adjusters or representatives independently investigate if the full amount billed by the provider was reasonable in the provider's specific location or medical market or the full amount billed was reasonable for that provider to charge for the CPT procedure given the provider's background, experience and individual characteristics.

   f. Whether USAA's practice of having AIS's computer do automated denials and reductions of provider bills violated the requirement in the PIP statute, RCW 48.22.005(7) because the practice resulted in USAA systematically, consistently and repeatedly failing to make "payments for all reasonable" medical expenses submitted on PIP claim.

CLASS ACTION COMPLAINT - 11

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

g. Whether USAA's practice of having AIS's computer do automated denials and reductions of provider bills  violated the requirement in WAC § 284.30.330 *et seq.* that insurers adopt and implement reasonable procedures for investigating PIP insurance claims before denying full payment to insured's providers because the practice resulted in USAA systematically, consistently and repeatedly using a procedure that does not determine reasonable provider fees.

h. Whether USAA's practice of having AIS's computer do automated denials and reductions of provider bills violated the requirement in WAC § 284.30.330 *et seq.* that insurers conduct a reasonable investigation of a PIP insurance claim for payment of all reasonable medical expenses before sending an insured's provider a reduced check that denies full payment because the practice resulted in USAA systematically, consistently and repeatedly using a procedure that could not determine reasonable provider fees and resulted in USAA systematically, consistently and repeatedly failing to make "payments for all reasonable" medical expenses submitted on PIP claims.

i. Whether USAA's practice of using an EOR that represented a reimbursement amount that was reduced was based on a determination that the amount billed exceeded "a reasonable amount for the services provided" violated the provision of WAC § 284.30.330 *et seq.* barring insurers from misrepresenting facts relating to their payment of insurance claims because the program USAA relied upon cannot determine the maximum reasonable charge for any CPT procedure in any Washington area.

j. Whether USAA's practices of having AIS's computer do automated denials and reductions of provider bills or using a misleading EOR constituted unfair practices that violated the Washington Consumer Protection Act, RCW 19.86 *et seq.*

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

k. Whether USAA's practices were unfair practices under the standards adopted by Washington Courts including whether the practices were unfair because there were no benefits to insureds from USAA's practices that substantially outweighed the detriment to them and they could not avoid having their bills reduced.

l. Whether USAA's practices were unfair CPA practices in relationship to the applicable Washington law and regulations relating to the payment of PIP insurance claims, including RCW 4.22.005(7) and WAC § 284.30.330 *et seq.*

m. Whether Class members sustained injury to their business caused by USAA's practice in the form of reduced payments, investigative costs, and out-of-pocket expenses, or in some other manner.

75. **CR 23(a)(3):** Class certification is proper under CR 23(a)(3) because Plaintiff's  claims are typical of the claims of the members of the putative class and USAA's defenses to the claims of Plaintiff are also typical of the defenses to such claims. The claims and defenses are typical because they arise out of the same common policies and practices which USAA applied to all of the putative Class of more than 1,100 Washington insureds described above. The claims arise from the same alleged unfair scheme undertaken by USAA to deprive Washington insureds of full benefits under their PIP policies because whenever the EOR states that the REIM amount is less than the amount billed and the explanation given is that the amount "exceeds a reasonable amount" USAA used the same allegedly unfair practice in denying full payment of the bill.

76. **CR 23(a)(4):** Class certification is proper under CR 23(a)(4) because Plaintiff can fairly and adequately represent the interests of the other members of the Class.  Plaintiff has no interests that are antagonistic to the interests of the putative Class.  Plaintiff and the Class have the same interest in seeking full payment of all bills that were reduced based solely and exclusively on a computer program.  Plaintiff

CLASS ACTION COMPLAINT - 13

1   retained skilled attorneys who have represented claimants and class members with

2   similar claims to those brought in this lawsuit.  Plaintiff's counsel have been appointed

3   Class counsel in previous cases involving PIP claims and insurers' reliance upon

4   computer programs to solely and exclusively reduce payments to insureds' providers.

5       77.   **CR 23(b)(3):** Class certification is proper under CR 23(b)(3) because the

6   questions of law and fact common to the class, as set forth above predominate over

7   any questions affecting only individual members of the class.  Common questions

8   predominate because USAA undertook a common course of conduct towards all

9   members of the class of Washington insureds and applied its practices at issue to all

10  bills submitted under its PIP coverage during the class period.

11      78.   Class certification is proper under CR 23(b)(3) because a class action is

12  a superior method for adjudicating the claims of the members of the class than more

13  than 1,100 individual actions in numerous cities and counties of Washington that raise

14  the identical factual and legal issues concerning USAA's PIP processing and payment

15  practices.

16      79.   Class certification is a superior method of adjudicating the claims

17  because the individual class members have little interest in individually controlling the

18  prosecution of their claims. The average amount of the individual claims in controversy

19  is likely to be less than $200.

20      80.   The class members are busy individuals who have limited time to devote

21  to the prosecution of their individual claims.

22      81.   Class certification is a superior method of adjudicating the claims

23  because there is no significant individual litigation already commenced by Washington

24  insureds against USAA raising the identical claims.

25      82.   Class certification is a superior method of adjudicating the claims

26  because it is desirable to concentrate the litigation and claims in a single forum to avoid

27

CLASS ACTION COMPLAINT - 14

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

duplicity of actions and inconsistent adjudications of identical claims. King County is a desirable forum for litigation of the class claims because it is the County in which most class members are located and where the Defendants' in-state witnesses are likely located.  The cost to the court system of the various counties where class members are located would be substantial if the claims were adjudicated on an individualized basis.

83.     Class certification is a superior method of adjudicating the claims because there are few difficulties likely to be encountered in the adjudication of the class members' legal claims. The King County Superior Court certified a litigation class that alleged similar claims in prior litigation. The common liability issues were tried to a jury on a class basis and a verdict entered.

## V.     PLAINTIFF'S INDIVIDUAL CLAIMS

### A.     Cause of Action: Violation of the Consumer Protection Act

84.     Plaintiff re-alleges each and every allegation as set forth in paragraphs 1 through 49.

85.     USAA's practice of denying any and all payments to Plaintiff's providers on medical expenses that were reasonable violated the requirement in the PIP statute, RCW 48.22.005(7), to make payments of "all" reasonable medical expenses submitted.

86.     USAA's practice of denying any and all payments to Plaintiff's providers on medical expenses that were reasonable violated WAC 284-30-330 *et seq.* that required USAA to adopt and implement reasonable procedures for investigating PIP insurance claims before refusing to pay them in full.

87.     USAA's practice of denying any and all payments to Plaintiff's providers on medical expenses that were reasonable" violated WAC 284-30-330 *et seq.* that required USAA to independently investigate a PIP insurance claim before refusing to pay it in full.

CLASS ACTION COMPLAINT - 15

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

88.     USAA's practice of having AIS do automated computerized reviews and denials based on an EOR stating that the billed amount "exceeded a reasonable amount for the service provided" added an additional term or condition for payment that the billed amount be less than an arbitrary amount set by the computer.

89.     USAA's practice of having AIS do automated computerized reviews and denials based on USAA using a 90 day gap in treatment or 13th treatment flag added an additional term or condition for payment that the billed procedure had to be within a 90 day period after the accident or after the last treatment and/or that there had to be less than 13 treatments.

90.     USAA's practice of falsely claiming a provider's diagnosis did not "support" the service, the submitted documentation "does not support the medical necessity and/or relatedness of the treatment to the loss following an apparent lapse in treatment, or "Prior review of the submitted documentation did not substantiate the need for continued" therapy violated the requirement in WAC 284-30-330 *et seq.* to not misrepresent facts relating to coverage and USAA's payment of the PIP claim

91.     USAA's practices occurred in the course of its business and commerce.

92.     USAA's practices were part of a generalized course of conduct repeated on thousands of occasions when provider bills were submitted to USAA for payment under its PIP coverage over the pertinent class period.

93.     USAA's practice affected the public interest.

94.     The business of insurance affects the public interest.  RCW 48.01.030.

**B.     Plaintiff's Damages on Individual Claims**

95.     As a direct and proximate result of USAA's wrongful conduct described in paragraphs 1 through 49 and 84 through 94, Plaintiff sustained injury to her property and damages in an amount to be established at trial.

CLASS ACTION COMPLAINT - 16

96.     The injury and damages sustained by Plaintiff include, but are not limited to, investigative expenses and out-of-pocket costs incurred as a result of USAA's wrongful conduct.

97.     Plaintiff's individual claim is more than $210 but substantially less than $60,000.

## VI.     CLASS CLAIMS

### A.     Cause of Action: Violation of the Consumer Protection Act

98.     Plaintiff re-alleges each and every allegation as set forth in paragraphs 1 through 33 and 50 through 83 above.

99.     USAA's practice over the class period of denying full payment as set forth in EORs stating that the bill exceeded a "reasonable amount for the service provided" violated the requirement in the PIP statute, RCW 48.22.005(7), to make payments of "all" reasonable medical expenses submitted.

100.    USAA's practice over the class period of denying full payment as set forth in EORs stating that the bill exceeded a "reasonable amount for the service provided" violated WAC 284-30-330 *et seq.* that required USAA to adopt and implement reasonable procedures for investigating PIP insurance claims before refusing to pay them in full.

101.    USAA's practice over the class period of denying full payment as set forth in EORs stating that the bill exceeded a "reasonable amount for the service provided" violated WAC 284-30-330 *et seq.* that required USAA to independently investigate a PIP insurance claim before refusing to pay it in full.

102.    USAA's practice of having AIS do automated computerized reviews and denials based on an EOR stating that the billed amount "exceeded a reasonable amount for the service provided" added an additional term or condition for payment that the billed amount be less than an arbitrary amount set by the computer.

CLASS ACTION COMPLAINT - 17

103.   USAA's practice over the class period of using a misleading EOR that falsely stated that the reimbursement amount was based on a determination that the amount billed was in excess of the maximum reasonable charge for the service violated the requirement in WAC 284-30-330 *et seq.* to not misrepresent facts relating to coverage and USAA's payment of the PIP claim.

104.   USAA's practices occurred in the course of its business and commerce.

105.   USAA's practices were part of a generalized course of conduct repeated on thousands of occasions when provider bills were submitted to USAA for payment under its PIP coverage over the pertinent class period.

106.   USAA's practice affected the public interest.

107.   The business of insurance affects the public interest. RCW 48.01.030.

108.   USAA's practices occurred in the course of its insurance business and adversely affected more than 1,100 Washington insureds.

109.   USAA's practices over the Class period from September 1, 2015 to July 5, 2018 were unfair and in violation of the Washington Consumer Protection Act, Chapter 19.86 RCW *et seq.*

110.   There were no benefits to insureds from USAA's practices.  Any benefit to insureds from USAA's practice was substantially outweighed by the detriments to receiving reduced benefits on PIP claims.

111.   USAA's practices were unfair and in violation of the Washington Consumer Protection Act, Chapter 19.86 RCW *et seq.*, in relationship to the requirements of the PIP statute and WAC 284-30-330 *et seq.*

112.   The members of the putative Class of more than 1,100 insureds, including Plaintiff, sustained injury to their business and property caused by USAA's practice in the form of reduced benefits, investigative costs, and out-of-pocket expenses.

CLASS ACTION COMPLAINT - 18

113.   The members of the putative Class of more than 100 insureds, including Plaintiff, sustained damages that were proximately caused as a direct result of USAA's practices.

114.   USAA is liable to Plaintiff and the Class for statutory, actual, and treble damages, prejudgment interest, attorney fees, and costs under the CPA, Chapter 19.86 RCW *et seq.*

**B.   Class Damages**

115.   As a direct and proximate result of USAA's wrongful conduct described in paragraphs 1 through 33, 50 through 83, and 98 through 114 above, Plaintiff and members of the putative class of Washington insureds sustained injury to their property and damages in an amount that will be established at trial, but which amount totals substantially less than $5,000,000. All relief available to the putative Class under Washington law for damages, out of pocket expenses, attorney fees and any other form of relief totals substantially less than $5,000,000.

116.   The injury and damages sustained by Plaintiff and putative Class members include, but are not limited to, investigative expenses and out-of-pocket costs incurred as a result of USAA's wrongful conduct.

117.   Excluded from damages are reduced or denied bills submitted on PIP claims where the policy limits on the claims were already exhausted at the time the bill was submitted for payment to USAA.  Damages include bills that were reduced or denied when sufficient policy limits existed on the PIP claim to pay the bill when the bill was submitted to USAA for payment. Damages include out of pocket expenses that were incurred as a result of USAA's reduction or denial of a bill without regard for whether and when policy limits became exhausted.

CLASS ACTION COMPLAINT - 19

1

## VII.    RELIEF REQUESTED

2      118.    WHEREFORE, Plaintiff and the putative class request that a judgment be

3   entered in their favor against Defendants on their Consumer Protection Act claims and

4   that the Court:

5      119.    Certify the case as a Class Action under CR 23(a) and 23(b)(3) on behalf

6   of the alleged putative class of insureds;

7      120.    Award actual damages to be established at trial as provided by the

8   Consumer Protection Act ("CPA"), Chapter 19.86 RCW *et seq.*;

9      121.    Award treble damages as provided by the CPA, Chapter 19.86 RCW *et*

10   *seq.*;

11      122.    Award Plaintiff a reasonable class representative fee in an amount

12   approved by the Court and award reasonable attorney's fees and costs as provided by

13   the CPA and class action law in amounts approved by the Court;

14      123.    Award Plaintiff and the Class prejudgment interest at the rate of 12% per

15   annum as provided by the CPA, Chapter 19.86 RCW *et seq.*, or such other rate as

16   provided by law; and

17      124.    Award Plaintiff and the Class, their reasonable litigation expenses,

18   disbursements, and costs of suit.

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27

CLASS ACTION COMPLAINT - 20

1

DATED: July 9, 2018.

2

3                                        BRESKIN JOHNSON TOWNSEND, PLLC

4                                        By:____s/Brendan W. Donckers_____
                                             David E. Breskin, WSBA #10607
                                             Brendan W. Donckers, WSBA #39406
5                                            1000 Second Avenue, Suite 3670
                                             Seattle, WA 98104
6                                            Tel:  (206) 652-8660
                                             dbreskin@bjtlegal.com
7                                            bdonckers@bjtlegal.com

8

9                                        WASHINGTON INJURY LAWYERS PLLC

10                                       By:____s/Young-Ji Ham_____
                                             Young-Ji Ham, WSBA #46421
11                                           1001 Fourth Avenue, Suite 3200
                                             Seattle, WA 98154
12                                           Tel:  (425) 312-3057
                                             youngji@washinjurylaw.com

13                                       *Attorneys for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

CLASS ACTION COMPLAINT - 21

EXHIBIT 1



# EXPLANATION OF REIMBURSEMENT ("EOR")

**This is not a bill**
**Copy**
**Representative Copy**

**Washington**

| | | |
|---|---|---|
| **Company** | : | 002 - United Services Automobile Association |
| **Receive Date** | : | 01/16/2016 |
| **Service Provider** | : | WU, ALBERT |
| 26-3847183 | | 608 8TH AVE S |
| | | SEATTLE WA 98104 |

**Member Number :** ▮▮▮▮▮▮▮▮ Adj# CE1-06839-00061
**Date Of Loss:** 09/26/2015
**Customer Service :** 866-673-3443
**Fax :** 888-272-1255

**Representative :** JENNA LABOURR
WASHINGTON INJURY LAWYERS
2211 ELLIOT AVE
SEATTLE, WA  98121

| | | |
|---|---|---|
| **Provider Title** | : | Chiropractor |
| **Provider Specialty** | : | |
| **Billing Provider** | : | BACK AND NECK PAIN CENTERS |
| | | 608 8TH AVE S |
| | | SEATTLE WA 98104 |

**Patient** : 

The enclosed information is to inform you of the adjusting decision that has been made by USAA concerning your claim for payment of medical bills pursuant to your available coverages. Please review the billed services noted below for accuracy of treatment received. If the services billed do not reflect the treatment that you received, please immediately contact your USAA claims representative. If this form indicates that further information is requested from the provider in order to make a payment decision, please request that your provider supply that information. If you or your provider have questions concerning the information contained on this form or any accompanying physician's letter, or do not agree with the adjusting decision of USAA, please see the last page of this form for instructions regarding the procedure for obtaining answers to questions or to formally appeal this adjusting decision. Payments reflected on this EOR are sent separately from this EOR.

**Dates Of Service :**    12/14/2015 to 12/30/2015

WARNING: Per Wash. Rev. Code Ann. 48.135.080, "It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines, and denial of insuran

| ICD REF | ICD | POA | IND | DIAGNOSIS DESCRIPTION |
|---|---|---|---|---|
| 1 | S13.4XXA | | ICD-0 | Sprain lig cerv spine initial enc |
| 2 | S23.3XXA | | ICD-0 | Sprain ligaments t-spine initial |
| 3 | S33.5XXA | | ICD-0 | Sprain ligaments lumbar spn initial |
| 4 | S13.130A | | ICD-0 | Sublux c2/c3 cerv vertebrae initial |
| 5 | S23.122A | | ICD-0 | Subluxation t3/t4 thor vert initial |
| 6 | S33.130A | | ICD-0 | Sublux l3/l4 lumbar vert initial |
| 7 | S33.8XXA | | ICD-0 | Sprain oth parts lumb spn pelv init |
| 8 | S33.39XA | | ICD-0 | Disloc oth parts lumb spn pelv init |
| 9 | S73.011A | | ICD-0 | Post subluxation rt hip initial |
| 10 | G47.9 | | ICD-0 | Sleep disorder unspecified |
| 11 | M79.1 | | ICD-0 | Myalgia |
| 12 | M62.838 | | ICD-0 | Other muscle spasm |

| LINE NR | DATE OF SERVICE | CPT CODE | MOD | DESCRIPTION | UNITS | BILLED AMOUNT | †PENALTY REDUCTION | REIM AMOUNT | REASON CODE |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 12/14/15 | 98941 | | Chiropractic manipulative tx spinal 3-4 region | 1 | 76.00 | 0.00 | 76.00 | |

**ICD Ref**    1,2,3,4

**Claim Rep: Carlos Mendez**
**800-531-8722**

Printed On --
26-Jan-2016   7:15 am



| Billing Provider : | BACK AND NECK PAIN CENTERS | | Member Number : | ████████ | UX9278771- EORID -we |
| Service Provider : | WU, ALBERT | | | | Copy |
| | | | Total Charges : | $ 392.00 | |
| Patient Name : | ████████ | | Dates Of Service : | 12/14/2015 - 12/30/2015 | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 12/14/15 | 97530 | | Therapeut actvity direct pt contact each 15 m | | 1 | 82.00 | 0.00 | 66.90 | RF_2 |

ICD Ref   1,2,3,4

| 3 | 12/15/15 | 99212 | 25 | Office outpatient visit 10 minutes | 1 | 100.00 | 0.00 | 100.00 | |

ICD Ref   1,2,3,4

| 4 | 12/15/15 | 98940 | | Chiropractic manipulative tx spinal 1-2 region | 1 | 58.00 | 0.00 | 58.00 | |

ICD Ref   1,2,3,4

| 5 | 12/30/15 | 98941 | | Chiropractic manipulative tx spinal 3-4 region | 1 | 76.00 | 0.00 | 76.00 | |

ICD Ref   1,2,3,4

| Total Lines : | 5 | | | | | 392.00 | 0.00 | 376.90 | |

| | |
|---|---|
| Reimbursement Amount : | 376.90 |
| Apportionment % : | |
| Subtotal : | 376.90 |
| Less Deductible : | 0.00 |
| Limited Benefits/Copay : | 0.00 |
| Collateral Source/Healthcare Carrier Payment : | 0.00 |
| Plus Interest : | 0.00 |
| EOR Check Amount : | 376.90 |
| Allocated PIP Payment : | 376.90 |
| Allocated MedPay Payment : | 0.00 |

Comments :   Payment for reimbursed amount was mailed separately to the medical provider or their representative.

| EXPLANATION | EXPLANATION FOR THE REVIEW AMOUNT | REF DOC_ID | REF LINE NUMBER |
|---|---|---|---|
| RF_2 | The charge exceeds a reasonable amount for the service provided. If you do not accept the recommended amount stated on this EOR as payment in full for this line item, please submit further documentation or explanation to support the reasonableness of the charge submitted by you for payment. | | |



**Claim Rep: Carlos Mendez**
**800-531-8722**

Printed On --
26-Jan-2016  7:15 am

USAA®

| Billing Provider : | BACK AND NECK PAIN CENTERS | Member Number : | ███████ | **UX9278771- EORID -we** |
| Service Provider : | WU, ALBERT | | | Copy |
| Patient Name    : | ███████ | Total Charges : | $ 392.00 | |
| | | Dates Of Service : | 12/14/2015   -   12/30/2015 | |

ce benefits."

## How to Obtain Answers to Questions about USAA's Explanation of Reimbursement (EOR)
## and
## How to Submit a Formal Appeal

You or your health care provider may have questions regarding the information contained in this Explanation of Reimbursement (EOR).  You or your provider may also wish to formally appeal the results of USAA's claim payment decision.

<u>How to Obtain Answers to Questions about Your EOR</u>

For questions concerning the information contained in this EOR or any accompanying physician's letter, contact Auto Injury Solutions (AIS) customer service at (866) 673-3443.  AIS is an independent contractor that provides a medical bill auditing tool to assist USAA in reviewing health care provider services and charges to ensure billing accuracy, to avoid duplication of payment, to identify treatment that is reasonable, necessary, and appropriate for accident related injuries, and to evaluate the reimbursement amount.  If, after speaking with AIS customer service, you have additional questions about benefits available under your medical coverage, please contact your USAA claim representative.

<u>How to Submit a Formal Appeal of the Claim Payment Decision</u>

If you or your health care providers do not accept the amounts stated on this EOR as payment in full from USAA, please submit your written notice of appeal of USAA's claim payment decision to the following address:

> Auto Injury Solutions
> Attn:  USAA Medical Mail Dept.
> P. O. BOX 5000
> Daphne, AL 36526

To expedite processing, the formal written appeal should:

1.  Include a copy of each EOR containing a claim decision you dispute;
2.  Specify the items in the EOR(s) you wish to dispute;
3.  Contain an explanation of why you disagree with the payment decision;
4.  Include all of the provider's records pertaining to the diagnosis and treatment of the patient referenced on the reverse side if these have not been previously provided;
5.  Be signed and dated; and
6.  Be mailed to the above address.

**All appeals must be signed and dated.**

USAA will provide a written response to the appeal.





| | | Billing Provider : | BAC CEN   NECK PAIN | Member Number : | | | UX912 |
|---|---|---|---|---|---|---|---|

Service Provider :   WU, ALBERT

Total Charges :  $ 474.00

Patient Name   :

Dates Of Service : 11/19/2015   -   11/23/2015

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 2 | 11/19/15 | 97530 | Therapeut actvity direct pt contact each 15 m | 1 | 82.00 | 0.00 | 66.90 | RF_2 |
| ICD Ref | 1,2,3,4 | | | | | | | |
| 3 | 11/20/15 | 98941 | Chiropractic manipulative tx spinal 3-4 region | 1 | 76.00 | 0.00 | 76.00 | |
| ICD Ref | 1,2,3,4 | | | | | | | |
| 4 | 11/20/15 | 97530 | Therapeut actvity direct pt contact each 15 m | 1 | 82.00 | 0.00 | 66.90 | RF_2 |
| ICD Ref | 1,2,3,4 | | | | | | | |
| 5 | 11/23/15 | 98941 | Chiropractic manipulative tx spinal 3-4 region | 1 | 76.00 | 0.00 | 76.00 | |
| ICD Ref | 1,2,3,4 | | | | | | | |
| 6 | 11/23/15 | 97530 | Therapeut actvity direct pt contact each 15 m | 1 | 82.00 | 0.00 | 66.90 | RF_2 |
| ICD Ref | 1,2,3,4 | | | | | | | |
| Total Lines : | 6 | | | | 474.00 | 0.00 | 428.70 | |

Reimbursement Amount :   428.70
Apportionment % :
Subtotal :   428.70
Less Deductible :   0.00
Limited Benefits/Copay :   0.00
Collateral Source/Healthcare Carrier Payment :   0.00
Plus Interest :   0.00
EOR Check Amount :   428.70
Allocated PIP Payment :   428.70
Allocated MedPay Payment :   0.00

RECEI
DEC 1 1 2015
BY

Comments :   Payment for reimbursed amount was mailed separately to the medical provider or their representative.

| EXPLANATION | EXPLANATION FOR THE REVIEW AMOUNT | REF DOC_ID | REF LINE NUMBER |
|---|---|---|---|
| RF_2 | The charge exceeds a reasonable amount for the service provided. If you do not accept the recommended amount stated on this EOR as payment in full for this line item, please submit further documentation or explanation to support the reasonableness of the charge submitted by you for payment. | | |

Claim Rep: Carlos Mendez
800-531-8722 x

Printed On --
08-Dec-2015  1:01 pm

EXHIBIT 2



AM5995098- EORID -we



# EXPLANATION OF REIMBURSEMENT ("EOR")

**This is not a bill**
**Copy**
**Representative Copy**

**Washington**

| | | |
|---|---|---|
| **Company** | : 002 - United Services Automobile Association | **Member Number :** ████████ Adj# CE1-06839-00014 |
| | | **Date Of Loss:** 09/26/2015 |
| **Receive Date** | : 05/06/2016 | **Customer Service :** 866-673-3443 |
| **Service Provider** | : WU, ALBERT | **Fax :** 888-272-1255 |
| 26-3847183 | 608 8TH AVE S | |
| | SEATTLE WA 98104 | |

**Representative :** JENNA LABOURR
WASHINGTON INJURY LAWYERS
2211 ELLIOT AVE
SEATTLE, WA  98121

| | |
|---|---|
| **Provider Title** | : Chiropractor |
| **Provider Specialty** | : |
| **Billing Provider** | : BACK AND NECK PAIN CENTERS |
| | 608 8TH AVE S |
| | SEATTLE WA 98104 |

**Patient** : 

The enclosed information is to inform you of the adjusting decision that has been made by USAA concerning your claim for payment of medical bills pursuant to your available coverages.  Please review the billed services noted below for accuracy of treatment received.  If the services billed do not reflect the treatment that you received, please immediately contact your USAA claims representative.  If this form indicates that further information is requested from the provider in order to make a payment decision, please request that your provider supply that information.  If you or your provider have questions concerning the information contained on this form or any accompanying physician's letter, or do not agree with the adjusting decision of USAA, please see the last page of this form for instructions regarding the procedure for obtaining answers to questions or to formally appeal this adjusting decision. Payments reflected on this EOR are sent separately from this EOR.

**Dates Of Service :**     04/21/2016 to 04/21/2016

WARNING: Per Wash. Rev. Code Ann. 48.135.080, "It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company.  Penalties include imprisonment, fines, and denial of insuran

| ICD REF | ICD | POA | IND | DIAGNOSIS DESCRIPTION |
|---|---|---|---|---|
| 1 | S13.4XXA | | ICD-0 | Sprain lig cerv spine initial enc |
| 2 | S23.3XXA | | ICD-0 | Sprain ligaments t-spine initial |
| 3 | S33.5XXA | | ICD-0 | Sprain ligaments lumbar spn initial |
| 4 | S13.130A | | ICD-0 | Sublux c2/c3 cerv vertebrae initial |
| 5 | S23.122A | | ICD-0 | Subluxation l3/l4 thor vert initial |
| 6 | S33.130A | | ICD-0 | Sublux l3/l4 lumbar vert initial |
| 7 | S33.8XXA | | ICD-0 | Sprain oth parts lumb spn pelv init |
| 8 | S33.39XA | | ICD-0 | Disloc oth parts lumb spn pelv init |
| 9 | S73.011A | | ICD-0 | Post subluxation rt hip initial |
| 10 | G47.9 | | ICD-0 | Sleep disorder unspecified |
| 11 | M79.1 | | ICD-0 | Myalgia |
| 12 | M62.838 | | ICD-0 | Other muscle spasm |

| LINE NR | DATE OF SERVICE | CPT CODE | MOD | DESCRIPTION | UNITS | BILLED AMOUNT | †PENALTY REDUCTION | REIM AMOUNT | REASON CODE |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 4/21/16 | 99212 | 25 | Office outpatient visit 10 minutes | 1 | 100.00 | 0.00 | 0.00 | PR167 |

**ICD Ref**     1,2,3,4

**Claim Rep: Holly Pool**
**800-531-8722 x 35225**

Printed On --

21-May-2016  2:04 pm



USAA®

| Billing Provider : | BACK AND NECK PAIN CENTERS | Member Number : ██████ | AM5995098– EORID –we |
| Service Provider : | WU, ALBERT | | Copy |
| Patient Name : | ██████ | Total Charges : $ 100.00 | |
| | | Dates Of Service : 04/21/2016 - 04/21/2016 | |

---

| Total Lines : | 1 | | 100.00 | 0.00 | 0.00 |

Reimbursement Amount : 0.00
Apportionment % :
Subtotal : 0.00
Less Deductible : 0.00
Limited Benefits/Copay : 0.00
Collateral Source/Healthcare Carrier Payment : 0.00
Plus Interest : 0.00
EOR Check Amount : 0.00
Allocated PIP Payment : 0.00
Allocated MedPay Payment : 0.00

Comments :

| EXPLANATION | EXPLANATION FOR THE REVIEW AMOUNT | REF DOC_ID | REF LINE NUMBER |
| PR167 | Review of the submitted documentation does not substantiate the medical necessity and/or relatedness of the treatment to the loss following an apparent lapse in treatment.  Please see the attached physician letter. | | |

**Claim Rep: Holly Pool**
**800-531-8722 x 35225**

AM5852954- EORID -Ma



# EXPLANATION OF REIMBURSEMENT ("EOR")

**This is not a bill**
**Copy**
**Representative Copy**

**Washington**

| | | |
|---|---|---|
| **Company** | : | 002 - United Services Automobile Association |
| **Receive Date** | : | 03/03/2016 |
| **Service Provider** | : | WECZOREK, LARISA |
| 91-2177294 | | 8750 GREENWOOD AVENUE N SUITE |
| | | SEATTLE WA 98103 |

**Member Number :** ▉▉▉▉▉▉ Adj# CE1-06839-00014
**Date Of Loss:** 09/26/2015
**Customer Service :** 866-673-3443
**Fax :** 888-272-1255

**Representative :** JENNA LABOURR
WASHINGTON INJURY LAWYERS
2211 ELLIOT AVE
SEATTLE, WA  98121

| | | |
|---|---|---|
| **Provider Title** | : | Physical Therapist |
| **Provider Specialty** | : | |
| **Billing Provider** | : | GREENWOOD PHYSICAL THERAPY |
| | | 8750 GREENWOOD AVENUE N SUITE |
| | | SEATTLE WA 98103 |



**Patient** : ▉▉▉▉▉▉▉▉

The enclosed information is to inform you of the adjusting decision that has been made by USAA concerning your claim for payment of medical bills pursuant to your available coverages.  Please review the billed services noted below for accuracy of treatment received.  If the services billed do not reflect the treatment that you received, please immediately contact your USAA claims representative.  If this form indicates that further information is requested from the provider in order to make a payment decision, please request that your provider supply that information.  If you or your provider have questions concerning the information contained on this form or any accompanying physician's letter, or do not agree with the adjusting decision of USAA, please see the last page of this form for instructions regarding the procedure for obtaining answers to questions or to formally appeal this adjusting decision. Payments reflected on this EOR are sent separately from this EOR.

**Dates Of Service  :**     02/26/2016 to 02/26/2016

WARNING: Per Wash. Rev. Code Ann. 48.135.080, "It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company.  Penalties include imprisonment, fines, and denial of insuran

| ICD REF | ICD | POA | IND | DIAGNOSIS DESCRIPTION |
|---|---|---|---|---|
| 1 | M54.5 | | ICD-0 | Low back pain |
| 2 | M25.551 | | ICD-0 | Pain in right hip |

| LINE NR | DATE OF SERVICE | CPT CODE | MOD | DESCRIPTION | UNITS | BILLED AMOUNT | †PENALTY REDUCTION | REIM AMOUNT | REASON CODE |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 2/26/16 | 97110 | | Therapeutic px 1/> areas each 15 min exerc | 4 | 240.00 | 0.00 | 0.00 | PR49 |
| **ICD Ref** | | 1,2 | | | | | | | |
| | | | | | | | | | |
| **Total Lines :** | **1** | | | | | 240.00 | 0.00 | 0.00 |

**Claim Rep: Holly Pool**
**800-531-8722 x 35225**



| | | |
|---|---|---|
| **Billing Provider :** | GREENWOOD PHYSICAL THERAPY | **Member Number :** ▬▬▬ **AM5852954- EORID -Ma** |
| **Service Provider :** | WECZOREK, LARISA | Copy |
| | | **Total Charges :** $ 240.00 |
| **Patient Name :** | ▬▬▬ | **Dates Of Service :** 02/26/2016 - 02/26/2016 |

| | |
|---|---|
| Reimbursement Amount : | 0.00 |
| Apportionment % : | |
| Subtotal : | 0.00 |
| Less Deductible : | 0.00 |
| Limited Benefits/Copay : | 0.00 |
| Collateral Source/Healthcare Carrier Payment : | 0.00 |
| Plus Interest : | 0.00 |
| EOR Check Amount : | 0.00 |
| Allocated PIP Payment : | 0.00 |
| Allocated MedPay Payment : | 0.00 |

Comments :

| EXPLANATION | EXPLANATION FOR THE REVIEW AMOUNT | REF DOC_ID | REF LINE NUMBER |
|---|---|---|---|
| PR49 | Review of the submitted documentation does not substantiate the medical necessity of the physical therapy provided.  Please see attached physician letter. | | |



**Claim Rep: Holly Pool**
**800-531-8722 x 35225**



AM5856593- EORID -Ma



# EXPLANATION OF REIMBURSEMENT ("EOR")

**This is not a bill**
Copy
Representative Copy

**Washington**

| | | | |
|---|---|---|---|
| **Company** | : 002 - United Services Automobile Association | **Member Number :** | ▉▉▉▉▉ Adj# CE1-06839-00014 |
| | | **Date Of Loss:** | 09/26/2015 |
| **Receive Date** | : 03/04/2016 | **Customer Service :** | 866-673-3443 |
| **Service Provider** 91-2149833 | : SNYDER, BENJAMIN D 3213 EASTLAKE AVENUE EAST SUITE A SEATTLE WA 98102 | **Fax :** | 888-272-1255 |
| | | **Representative :** | JENNA LABOURR WASHINGTON INJURY LAWYERS 2211 ELLIOT AVE SEATTLE, WA  98121 |
| **Provider Title** | : MD | | |
| **Provider Specialty** | : | | |
| **Billing Provider** | : SEATTLE SPINE SPORTS MEDICINE 3213 EASTLAKE AVENUE EASTSUITE A SEATTLE WA 98102 | | |
| **Patient** | : ▉▉▉▉▉▉▉ | | |

The enclosed information is to inform you of the adjusting decision that has been made by USAA concerning your claim for payment of medical bills pursuant to your available coverages.  Please review the billed services noted below for accuracy of treatment received.  If the services billed do not reflect the treatment that you received, please immediately contact your USAA claims representative.  If this form indicates that further information is requested from the provider in order to make a payment decision, please request that your provider supply that information.  If you or your provider have questions concerning the information contained on this form or any accompanying physician's letter, or do not agree with the adjusting decision of USAA, please see the last page of this form for instructions regarding the procedure for obtaining answers to questions or to formally appeal this adjusting decision. Payments reflected on this EOR are sent separately from this EOR.

**Dates Of Service :**    02/01/2016 to 02/01/2016

WARNING: Per Wash. Rev. Code Ann. 48.135.080, "It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company.  Penalties include imprisonment, fines, and denial of insuran

| ICD REF | ICD | POA | IND | DIAGNOSIS DESCRIPTION |
|---|---|---|---|---|
| 1 | S33.5XXD | | ICD-0 | Sprain ligaments lumbar spn subsqt |
| 2 | M46.1 | | ICD-0 | Sacroiliitis nec |
| 3 | M25.561 | | ICD-0 | Pain in right knee |
| 4 | M62.40 | | ICD-0 | Contracture of muscle uns site |

| LINE NR | DATE OF SERVICE | CPT CODE | MOD | DESCRIPTION | UNITS | BILLED AMOUNT | †PENALTY REDUCTION | REIM AMOUNT | REASON CODE |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 2/01/16 | 99214 | | Office outpatient visit 25 minutes | 1 | 190.00 | 0.00 | 0.00 | PR176 |

**ICD Ref**    1,2,3,4

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **Total Lines :** | **1** | | | | | 190.00 | 0.00 | 0.00 | |

**Claim Rep: Holly Pool**
**800-531-8722 x 35225**



| | | | | |
|---|---|---|---|---|
| **Billing Provider :** | SEATTLE SPINE SPORTS MEDICINE | **Member Number :** ███████ | **AM5856593- EORID -Ma** | |
| **Service Provider :** | SNYDER, BENJAMIN D | | Copy | |
| **Patient Name :** | ███████ | **Total Charges :** $ 190.00 | | |
| | | **Dates Of Service :** 02/01/2016  -  02/01/2016 | | |

| | |
|---|---|
| Reimbursement Amount : | 0.00 |
| Apportionment % : | |
| Subtotal : | 0.00 |
| Less Deductible : | 0.00 |
| Limited Benefits/Copay : | 0.00 |
| Collateral Source/Healthcare Carrier Payment : | 0.00 |
| Plus Interest : | 0.00 |
| EOR Check Amount : | 0.00 |
| Allocated PIP Payment : | 0.00 |
| Allocated MedPay Payment : | 0.00 |

Comments :

| EXPLANATION | EXPLANATION FOR THE REVIEW AMOUNT | REF DOC_ID | REF LINE NUMBER |
|---|---|---|---|
| PR176 | Review of the submitted documentation does not substantiate the treatment provided is related to the loss. Services not related to the accident are not reimbursable.  Please see attached physician letter. | | |

**Claim Rep: Holly Pool**
**800-531-8722 x 35225**

UX9306696- EORID -li



# EXPLANATION OF REIMBURSEMENT ("EOR")

### This is not a bill
### Copy
### Representative Copy

**Washington**

| | | | |
|---|---|---|---|
| **Company** | : 002 – United Services Automobile Association | **Member Number :** [REDACTED] Adj# CE1-06839-00061 | |
| **Receive Date** | : 01/23/2016 | **Date Of Loss:** 09/26/2015 | |
| **Service Provider** | : QUAN, DOMINIC | **Customer Service :** 866-673-3443 | |
| 26-3847183 | 608 8TH AVE S | **Fax :** 888-272-1255 | |
| | SEATTLE WA 98104 | | |

**Representative :** JENNA LABOURR
WASHINGTON INJURY LAWYERS
2211 ELLIOT AVE
SEATTLE, WA  98121

**Provider Title** : Massage Therapist

**Provider Specialty** :

**Billing Provider** : BACK AND NECK PAIN CENTERS
608 8TH AVE S
SEATTLE WA 98104

**Patient** : [REDACTED]

The enclosed information is to inform you of the adjusting decision that has been made by USAA concerning your claim for payment of medical bills pursuant to your available coverages.  Please review the billed services noted below for accuracy of treatment received.  If the services billed do not reflect the treatment that you received, please immediately contact your USAA claims representative.  If this form indicates that further information is requested from the provider in order to make a payment decision, please request that your provider supply that information.  If you or your provider have questions concerning the information contained on this form or any accompanying physician's letter, or do not agree with the adjusting decision of USAA, please see the last page of this form for instructions regarding the procedure for obtaining answers to questions or to formally appeal this adjusting decision. Payments reflected on this EOR are sent separately from this EOR.

**Dates Of Service :**   01/08/2016 to 01/08/2016

WARNING: Per Wash. Rev. Code Ann. 48.135.080, "It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company.  Penalties include imprisonment, fines, and denial of insuran

| ICD REF | ICD | POA | IND | DIAGNOSIS DESCRIPTION |
|---|---|---|---|---|
| 1 | S16.1XXA | | ICD-0 | Strn musc fasc tendon neck levl lnt |
| 2 | S29.012A | | ICD-0 | Strn msc tendon back wall thor init |
| 3 | S39.012A | | ICD-0 | Strain musc fasc tendon lw back lnt |
| 4 | R51 | | ICD-0 | Headache |

| LINE NR | DATE OF SERVICE | CPT CODE | MOD | DESCRIPTION | UNITS | BILLED AMOUNT | †PENALTY REDUCTION | REIM AMOUNT | REASON CODE |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 1/08/16 | 97124 | | Ther px 1/> areas each 15 minutes massage | 4 | 135.00 | 0.00 | 0.00 | PR162 |

**ICD Ref**  1,2,3,4

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Total Lines :** | 1 | | | | | 135.00 | 0.00 | 0.00 |

**Claim Rep: Carlos Mendez**
**800-531-8722**



| Billing Provider : | BACK AND NECK PAIN CENTERS | Member Number : ▓▓▓▓▓▓ | UX9306696- EORID -li |
| Service Provider : | QUAN, DOMINIC | | Copy |
| Patient Name : | ▓▓▓▓▓▓ | Total Charges : $ 135.00 | |
| | | Dates Of Service : 01/08/2016 - 01/08/2016 | |

| | |
|---|---|
| Reimbursement Amount : | 0.00 |
| Apportionment % : | |
| Subtotal : | 0.00 |
| Less Deductible : | 0.00 |
| Limited Benefits/Copay : | 0.00 |
| Collateral Source/Healthcare Carrier Payment : | 0.00 |
| Plus Interest : | 0.00 |
| EOR Check Amount : | 0.00 |
| Allocated PIP Payment : | 0.00 |
| Allocated MedPay Payment : | 0.00 |

Comments :

| EXPLANATION | EXPLANATION FOR THE REVIEW AMOUNT | REF DOC_ID | REF LINE NUMBER |
|---|---|---|---|
| PR162 | Review of the submitted documentation does not substantiate the medical necessity for passive physical therapy in the absence of active physical therapy at this state in treatment.  Please see attached physician letter. | | |



**Claim Rep: Carlos Mendez**
**800-531-8722**



UX9339457- EORID -we

# EXPLANATION OF REIMBURSEMENT ("EOR")

**This is not a bill**
**Copy**
**Representative Copy**

**Washington**

| | | | |
|---|---|---|---|
| **Company** | : 002 – United Services Automobile Association | **Member Number :** ▮▮▮▮▮ Adj# CE1-06839-00014 | |
| | | **Date Of Loss:** 09/26/2015 | |
| **Receive Date** | : 02/01/2016 | **Customer Service :** 866-673-3443 | |
| **Service Provider** 91-2177294 | : WECZOREK, LARISA 8750 GREENWOOD AVENUE N SUITE SEATTLE WA 98103 | **Fax :** 888-272-1255 | |
| | | **Representative :** JENNA LABOURR WASHINGTON INJURY LAWYERS 2211 ELLIOT AVE SEATTLE, WA  98121 | |

**Provider Title**       : Physical Therapist

**Provider Specialty**   :

**Billing Provider**     : GREENWOOD PHYSICAL THERAPY
8750 GREENWOOD AVENUE N SUITE
SEATTLE WA 98103

**Patient**              : ▮▮▮▮▮▮

The enclosed information is to inform you of the adjusting decision that has been made by USAA concerning your claim for payment of medical bills pursuant to your available coverages.  Please review the billed services noted below for accuracy of treatment received.  If the services billed do not reflect the treatment that you received, please immediately contact your USAA claims representative.  If this form indicates that further information is requested from the provider in order to make a payment decision, please request that your provider supply that information.  If you or your provider have questions concerning the information contained on this form or any accompanying physician's letter, or do not agree with the adjusting decision of USAA, please see the last page of this form for instructions regarding the procedure for obtaining answers to questions or to formally appeal this adjusting decision. Payments reflected on this EOR are sent separately from this EOR.

**Dates Of Service :**        01/26/2016 to 01/26/2016

WARNING: Per Wash. Rev. Code Ann. 48.135.080, "It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company.  Penalties include imprisonment, fines, and denial of insuran

| ICD REF | ICD | POA | IND | DIAGNOSIS DESCRIPTION |
|---|---|---|---|---|
| 1 | M54.5 | | ICD-0 | Low back pain |
| 2 | M25.551 | | ICD-0 | Pain in right hip |

| LINE NR | DATE OF SERVICE | CPT CODE | MOD | DESCRIPTION | UNITS | BILLED AMOUNT | †PENALTY REDUCTION | REIM AMOUNT | REASON CODE |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 1/26/16 | 97110 | | Therapeutic px 1/> areas each 15 min exerc | 3 | 180.00 | 0.00 | 0.00 | PR49 |
| **ICD Ref** | |  1,2 | | | | | | | |
| 2 | 1/26/16 | 97140 | | Manual therapy tqs 1/> regions each 15 min | 1 | 55.00 | 0.00 | 0.00 | PR49 |
| **ICD Ref** | | 1,2 | | | | | | | |
| **Total Lines :** | 2 | | | | | 235.00 | 0.00 | 0.00 | |

**Claim Rep: Holly Pool**
**800-531-8722 x 35225**


USAA®

| Billing Provider : | GREENWOOD PHYSICAL THERAPY | Member Number : ███████ | UX9339457- EORID -we |
| Service Provider : | WECZOREK, LARISA | | Copy |
| Patient Name : | ███████ | Total Charges : $ 235.00 | |
| | | Dates Of Service : 01/26/2016 - 01/26/2016 | |

| | |
|---|---|
| Reimbursement Amount : | 0.00 |
| Apportionment % : | |
| Subtotal : | 0.00 |
| Less Deductible : | 0.00 |
| Limited Benefits/Copay : | 0.00 |
| Collateral Source/Healthcare Carrier Payment : | 0.00 |
| Plus Interest : | 0.00 |
| EOR Check Amount : | 0.00 |
| Allocated PIP Payment : | 0.00 |
| Allocated MedPay Payment : | 0.00 |

Comments :

| EXPLANATION | EXPLANATION FOR THE REVIEW AMOUNT | REF DOC_ID | REF LINE NUMBER |
|---|---|---|---|
| PR49 | Review of the submitted documentation does not substantiate the medical necessity of the physical therapy provided.  Please see attached physician letter. | | |

**Claim Rep: Holly Pool**
**800-531-8722 x 35225**

UX9349645- EORID -we



# EXPLANATION OF REIMBURSEMENT ("EOR")
### This is not a bill
### Copy
### Representative Copy

**Washington**

| | | |
|---|---|---|
| **Company** | : | 002 - United Services<br>Automobile Association |
| **Receive Date** | : | 02/04/2016 |
| **Service Provider** | : | WU, ALBERT |
| 26-3847183 | | 608 8TH AVE S<br>SEATTLE WA 98104 |

Member Number : ▮▮▮▮▮▮▮▮ Adj# CE1-06839-00014
Date Of Loss : 09/26/2015
Customer Service : 866-673-3443
Fax : 888-272-1255

Representative : JENNA LABOURR
WASHINGTON INJURY LAWYERS
2211 ELLIOT AVE
SEATTLE, WA  98121

| | | |
|---|---|---|
| **Provider Title** | : | Chiropractor |
| **Provider Specialty** | : | |
| **Billing Provider** | : | BACK AND NECK PAIN CENTERS<br>608 8TH AVE S<br>SEATTLE WA 98104 |
| **Patient** | : |  |

The enclosed information is to inform you of the adjusting decision that has been made by USAA concerning your claim for payment of medical bills pursuant to your available coverages.  Please review the billed services noted below for accuracy of treatment received.  If the services billed do not reflect the treatment that you received, please immediately contact your USAA claims representative.  If this form indicates that further information is requested from the provider in order to make a payment decision, please request that your provider supply that information.  If you or your provider have questions concerning the information contained on this form or any accompanying physician's letter, or do not agree with the adjusting decision of USAA, please see the last page of this form for instructions regarding the procedure for obtaining answers to questions or to formally appeal this adjusting decision. Payments reflected on this EOR are sent separately from this EOR.

**Dates Of Service  :**     01/20/2016 to 01/20/2016

WARNING: Per Wash. Rev. Code Ann. 48.135.080, "It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company.  Penalties include imprisonment, fines, and denial of insuran

| ICD REF | ICD | POA | IND | DIAGNOSIS DESCRIPTION |
|---|---|---|---|---|
| 1 | S13.4XXA | | ICD-0 | Sprain lig cerv spine initial enc |
| 2 | S23.3XXA | | ICD-0 | Sprain ligaments t-spine initial |
| 3 | S33.5XXA | | ICD-0 | Sprain ligaments lumbar spn initial |
| 4 | S13.130A | | ICD-0 | Sublux c2/c3 cerv vertebrae initial |
| 5 | S23.122A | | ICD-0 | Subluxation t3/t4 thor vert initial |
| 6 | S33.130A | | ICD-0 | Sublux l3/l4 lumbar vert initial |
| 7 | S33.8XXA | | ICD-0 | Sprain oth parts lumb spn pelv init |
| 8 | S33.39XA | | ICD-0 | Disloc oth parts lumb spn pelv init |
| 9 | S73.011A | | ICD-0 | Post subluxation rt hip initial |
| 10 | G47.9 | | ICD-0 | Sleep disorder unspecified |
| 11 | M79.1 | | ICD-0 | Myalgia |
| 12 | M62.838 | | ICD-0 | Other muscle spasm |

| LINE<br>NR | DATE OF<br>SERVICE | CPT<br>CODE | MOD | DESCRIPTION | UNITS | BILLED<br>AMOUNT | †PENALTY<br>REDUCTION | REIM<br>AMOUNT | REASON<br>CODE |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 1/20/16 | 99212 | 25 | Office outpatient visit 10 minutes | 1 | 100.00 | 0.00 | 0.00 | PR172 |

**ICD Ref**    1,2,3,4

**Claim Rep: Holly Pool**
**800-531-8722 x 35225**



**USAA®**

| Billing Provider : | BACK AND NECK PAIN CENTERS | Member Number : | ████████ | UX9349645- EORID -we |
| Service Provider : | WU, ALBERT | | | Copy |
| Patient Name : | ██████████ | Total Charges : | $ 158.00 | |
| | | Dates Of Service : | 01/20/2016 - 01/20/2016 | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 2 | 1/20/16 | 98940 | Chiropractic manipulative tx spinal 1-2 region | 1 | 58.00 | 0.00 | 0.00 | SR180 |

**ICD Ref**   1,2,3,4

| Total Lines : | 2 | | | | 158.00 | 0.00 | 0.00 |
|---|---|---|---|---|---|---|---|

| | |
|---|---|
| Reimbursement Amount : | 0.00 |
| Apportionment % : | |
| Subtotal : | 0.00 |
| Less Deductible : | 0.00 |
| Limited Benefits/Copay : | 0.00 |
| Collateral Source/Healthcare Carrier Payment : | 0.00 |
| Plus Interest : | 0.00 |
| EOR Check Amount : | 0.00 |
| Allocated PIP Payment : | 0.00 |
| Allocated MedPay Payment : | 0.00 |

Comments :

| EXPLANATION | EXPLANATION FOR THE REVIEW AMOUNT | REF DOC_ID | REF LINE NUMBER |
|---|---|---|---|
| PR172 | Review of the submitted documentation does not substantiate that the treatment provided is medically necessary and/or related to the loss.  Please see attached physician letter. | | |
| SR180 | Prior review of the submitted documentation did not substantiate the need for continued manipulation therapy.  Please refer to the physician letter generated with the Doc Id referenced below in the comments. | | |

**Claim Rep: Holly Pool**
**800-531-8722 x 35225**

