UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KRISTA PEOPLES,

        Plaintiff,

        v.

UNITED SERVICES AUTOMOBILE
ASSOCIATION, *et al.*,

        Defendants.

NO. C18-1173RSL

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS

This matter comes before the Court on "Defendants' Motion to Dismiss." Dkt. # 12.[1] Plaintiff alleges that defendant United Services Automobile Association ("USAA") engaged in per se unfair acts in the business of insurance when it curtailed her benefits under the Personal Injury Protection ("PIP") provisions of her automobile policy. Plaintiff specifically alleges that USAA refused to pay medical provider bills whenever a computerized review process indicated that the bill ran afoul of a pre-determined screen or limit. She alleges that the failure to investigate or otherwise make an individualized determination regarding the reasonableness or necessity of the provider's charges before denying payment violates Washington's insurance regulations. See Folweiler Chiropractic, PS v. Am. Family Ins. Co., 5 Wn. App. 1002, 2018 WL

---

[1] Defendants' request for oral argument is denied.

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS - 1

4087573, * 3-4 (Aug. 27, 2018). Plaintiff filed this lawsuit on behalf of similarly situated insureds asserting a claim under the Washington Consumer Protection Act ("CPA").

Defendants seek dismissal of the CPA claim on the grounds that plaintiff has failed to allege (1) an injury to "business or property" that is cognizable under the statute, (2) an unfair or deceptive act or practice by defendants, (3) an act or practice that has the capacity to deceive a substantial portion of the public, or (4) a causal connection between defendants' acts and a legally cognizable injury. Only the unfair/deceptive act, public interest, and the causation issues are discussed below. The Court certified the injury to "business or property" issue to the Washington Supreme Court in a separate order.

For purposes of this motion, the Court will assume the truth of plaintiff's allegations and draw all reasonable inferences in her favor. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).[2] The question for the Court is whether the facts in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The allegations must give rise to something more than mere speculation that plaintiff has a right to relief. Twombly, 550 U.S. at 555.

---

[2] To the extent defendants are challenging plaintiff's ability to prove her allegation that defendants failed to investigate or otherwise make an individualized determination regarding the reasonableness or necessity of the provider's charges before denying payment, that issue cannot be decided in the context of a motion to dismiss. Plaintiff alleges that USAA's screening mechanisms resulted in coverage decisions being made without proper investigation, without knowing anything about the reasonableness of a specific provider's charges, and without knowing why the provider thought the treatment was necessary. The fact that defendants' "Explanations of Reimbursement" contained a cryptic, formulaic note to "see attached physician letter"(see, e.g., Dkt. # 1-1 at 38) is insufficient to prove that defendants hired an independent medical examiner like the one in Koch v. Mut. of Enumclaw Ins. Co., 108 Wn. App. 500, 504 (2001), to review the reasonableness and necessity of certain charges or otherwise disprove plaintiff's allegations.

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS - 2

Having reviewed the complaint under the appropriate standard, the Court finds that plaintiff has adequately alleged a per se unfair act,[3] public interest, and a causal connection between the unfair acts and the injuries alleged. If the Washington Supreme Court determines that some or all of the type of injuries alleged are cognizable under the CPA, the claim may proceed.

Dated this 4th day of March, 2019.

Robert S. Lasnik
United States District Judge

---

[3] Defendants have not shown that plaintiff is bound by the terms of the settlement negotiated by the parties in MySpine, PS v. USAA Cas. Ins. Co., No. 12-2-32635-5 SEA (Wn. Super. Ct. Sept. 11, 2015), or that the Final Approval Order entered in that case bars the claims asserted here. The order specifically states that "nothing herein shall be construed as affecting or limiting any claim that the USAA Entities' policies or practices . . . are unfair consumer protection act practices . . . ." Dkt. # 12-1 at 18 (¶ 29). The state court was apparently willing to sign off on the parties' agreement that using a computerized screening methodology, in and of itself, is not a breach of applicable law. That does not, however, mean that using a computerized screening methodology immunizes defendant from future claims. A claim, such as that asserted here, that USAA failed to make an adequate investigation of reasonableness or necessity despite the use of a computerized screening methodology, is not barred by the MySpine settlement documents.

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS - 3