UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KRISTA PEOPLES,

              Plaintiff,

    v.

UNITED SERVICES AUTOMOBILE
ASSOCIATION, *et al.*,

              Defendants.

NO. C18-1173RSL

ORDER DENYING DEFENDANT'S
MOTION TO SEAL

      This matter comes before the Court on a "Motion to Seal/Redact Confidential Information

Contained in Defendants' Memorandum in Opposition to Plaintiffs' Motion for Class

Certification and Defendants' Expert Report." Dkt. # 35. Defendants' expert utilized health

insurance claim data compiled by third-party FAIR Health in an effort to validate defendants'

claim review methodology. Specifically, the expert used a database module called FAIR

Health's Medical Charge Benchmark in which percentiles of the amounts billed by health care

professionals for medical and surgical procedures are published. Dkt. # 37 at 27. Although the

nature of defendants' relationship with FAIR Health is not entirely clear from the record, it

appears that defendants have some sort of subscription with or membership in FAIR Health

which allows them access to the data FAIR Health compiles. Defendants assert that the access is

ORDER DENYING
DEFENDANT'S MOTION TO SEAL - 1

governed by a licensing agreement and have produced bare text of what purport to be the "Confidentiality" and "Scope of Use" provisions of that agreement. Dkt. # 47 at 2, 19-20.

"There is a strong presumption of public access to the court's files," and, absent a showing that the public's right of access is outweighed by the interests of the public and/or the parties in shielding the material from public view, a seal is not appropriate. LCR 5(g). Defendants have not made the required showing. In support of their motion to seal, defendants state only that the redacted information "reflects the proprietary confidential business information of non-party FAIR Health" and that the licensing agreement "requires them to maintain the confidentiality of that information." Dkt. # 46 at 1-2. FAIR Health's unilateral designation of a document as confidential in a licensing agreement does not, in and of itself, justify a seal under LCR 5(g)(2). A review of the agreement shows that the confidentiality provision is exceptionally broad and would not be approved as the basis for a protective order in this district. Nor have defendants made an effort to show that the information they seek to redact – namely, a percentage calculated by their expert using data contained in one of FAIR Health's databases – could in any way be considered FAIR Health's proprietary or confidential business information. Defendants have not established any interest in the expert's calculated percentage that outweighs the public's right of access to the court's files.

//

ORDER DENYING
DEFENDANT'S MOTION TO SEAL - 2

For all of the foregoing reasons, defendants' motion to seal (Dkt. # 35) is DENIED. The Clerk of Court is directed to unseal Dkt. # 38 and # 39.

Dated this 15th day of March, 2019.

*MRt S Lasnik*

Robert S. Lasnik
United States District Judge