UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KRISTA PEOPLES,

    Plaintiff,

v.

UNITED SERVICES AUTOMOBILE
ASSOCIATION, *et al.*,

    Defendants.

NO. C18-1173RSL

ORDER GRANTING MOTION FOR
CLASS CERTIFICATION

This matter comes before the Court on "Plaintiffs' Motion for Class Certification of CPA Claim, Appointment of Class Representative and Counsel, and Order Identifying Class Members." Dkt. # 23. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

## I. BACKGROUND

Plaintiff alleges that defendants United Services Automobile Association and USAA Casualty Insurance Company (collectively "USAA") engaged in per se unfair acts in the business of insurance by unlawfully curtailing her benefits under the Personal Injury Protection ("PIP") provisions of her automobile policy. According to plaintiff, USAA refused to pay (or

---

[1] This matter can be decided on the papers submitted. Defendants' request for oral argument is DENIED.

ORDER GRANTING MOTION FOR
CLASS CERTIFICATION - 1

limited payment for) medical provider bills whenever an automated review process indicated that the charges for a particular procedure exceeded a certain threshold established in a database maintained by the actuarial firm Milliman, Inc. Plaintiff alleges that the failure to investigate or otherwise make an individualized determination regarding the reasonableness or necessity of the provider's charges before denying payment violates the PIP statute and Washington's insurance regulations. Plaintiff filed this lawsuit on behalf of similarly situated insureds asserting a claim under the Washington Consumer Protection Act ("CPA") and seeks to certify a class comprised of:

> All Washington insureds who from September 1, 2015 to July 5, 2018 ("Class period") had their PIP claims for reimbursement of medical expenses reduced by Defendant USAA based solely on an Explanation of Reimbursement ("EOR") form sent to the insured's provider stating that the bill exceeded a "reasonable amount for the service provided."

Dkt. # 101 at ¶ 71.

## II. DISCUSSION

**A. Prerequisites of a Class**

Pursuant to Fed. R. Civ. P. 23(a), a plaintiff may sue in a representative capacity on behalf of a class only if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

ORDER GRANTING MOTION FOR
CLASS CERTIFICATION - 2

A court must conduct a rigorous analysis to determine whether a purported class satisfies the prerequisites of Rule 23. Mazza v. Am. Honda Motor Co., 666 F.3d 581, 588 (9th Cir. 2012). The Rule "does not set forth a mere pleading standard:" the party seeking class certification must "affirmatively demonstrate his compliance with the Rule -- that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011) (emphasis in original).

**(1) Numerosity**

Plaintiff asserts that there are at least 1,100 Washington insureds whose bills were denied or reduced based solely on an automated computerized review of the charges. USAA does not dispute that the class is so numerous that joinder would be impracticable.

**(2) Commonality**

In order to satisfy the commonality criterion, the class members' claims "must depend upon a common contention of such a nature that it is capable of classwide resolution." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 338 (2011). A class meets the commonality requirement when "the common questions it has raised are 'apt to drive the resolution of the litigation' no matter their number." Jimenez v. Allstate Ins. Co., 765 F.3d 1161, 1165 (9th Cir. 2014). As defendants' opposition makes abundantly clear, the key common question capable of classwide resolution is whether USAA's denial or reduction of insurance benefits solely because the provider's charge for a certain procedure or treatment exceeds a database threshold violates (i) the statutory obligation to pay "all reasonable and necessary expenses" arising from a covered automobile accident, (ii) the regulatory requirement that insurers conduct a reasonable investigation before denying full payment of a claim, and/or (iii) the regulatory prohibition

ORDER GRANTING MOTION FOR
CLASS CERTIFICATION - 3

against denying or limiting payment of a claim on any ground not specified in WAC 284-30-395(1). If one of those common questions is resolved in plaintiff's favor, other common questions arise, such as:

    a) Whether the alleged violation is a per se violation of the CPA.

    b) Whether the amount of unpaid medical bills as reflected in the EORs is an appropriate measure of the injury caused by the denial or limitation of payment or whether the injury is limited to only those unpaid bills which were, in fact, reasonable and covered by the policy.

    c) Whether unpaid medical bills are "injury to business or property" for purposes of the CPA.

Each of these questions relates to USAA's liability under the CPA and will drive the resolution of the claim. In addition, the answer to these questions will be the same for every class member. Commonality is satisfied.

**(3) Typicality**

The typicality requirement "ensures that the interests of the class representative aligns with the interests of the class." Just Film, Inc. v. Buono, 847 F.3d 1108, 1116 (9th Cir. 2017) (internal quotation marks omitted). The named plaintiffs' claims need not be identical to those of the absent class members, but they must be reasonably similar in light of the injuries suffered and the conduct that allegedly caused the injuries. Parsons v. Ryan, 754 F.3d 657, 685 (9th Cir. 2014); Torres v. Mercer Canyons, Inc., 835 F.3d 1125, 1141 (9th Cir. 2016). Class certification is not appropriate if there is a danger that the absent class members will suffer because their representative is preoccupied with defenses unique to him or herself. Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992).

USAA suggests that Ms. Peoples has a unique vulnerability related to standing that makes

ORDER GRANTING MOTION FOR
CLASS CERTIFICATION - 4

her atypical and an inadequate class representative. Although the factual and legal basis of this argument are unclear, it appears that USAA intends to argue that a lawsuit brought by Ms. Peoples' healthcare provider to recover unpaid invoices deprived Ms. Peoples of any injury, such that she lacks standing in this matter. USAA does not state, much less show, that the healthcare provider covered all uninsured amounts, nor has it provided legal authority to support the implication that a provider's unsuccessful claim for unpaid invoices bars an insured's CPA claim for violations of Washington's insurance code. The Court finds that plaintiff's claims are virtually identical to those of the absent class members, and USAA's speculative assertion of a standing issue is not likely to derail her focus and does not make her claims atypical.

**(4) Adequacy of Representation**

Two questions determine adequacy: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1031 (9th Cir. 2012) (quoting Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998)). As discussed above, the named plaintiff's claims and interests are aligned with those of the class, and there is no reason to suspect that she will not pursue the CPA claim to the fullest extent possible. Nor is there any indication that plaintiff's chosen counsel will not adequately represent the interests of the class.

**B. Maintenance of a Class under Rule 23(b)(3)**

Plaintiff argues that the provisions of Rule 23(b)(3) apply, pursuant to which the Court is required to find:

that the questions of law or fact common to the members of the class predominate

ORDER GRANTING MOTION FOR
CLASS CERTIFICATION - 5

over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the likely difficulties in managing a class action.

**(1) Common Issues Predominate**

The first Rule 23(b)(3) finding involves "the relationship between the common and individual issues." Hanlon, 150 F.3d at 1022. "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." Id. If Ms. Peoples is able to establish the facts surrounding USAA's claims handling procedures, that those procedures violate Washington insurance regulations, that the amount of unpaid provider bills is an appropriate measure of the injury caused by the violation, and that those unpaid bills constitute injury to business or property under the CPA, the evidence presented will establish defendants' liability not only to Ms. Peoples, but also to the absent class members. If plaintiff's theory of the case prevails, the only individual issue will be the tabulation of unpaid medical expenses as revealed in each class member's EORs. The Court finds that the many common legal and factual questions predominate over the tallying of individual losses.

As USAA points out, it is entirely possible that plaintiff will not prevail on one or more of these issues. She may, for example, be unable to show that USAA's method of evaluating the reasonableness of a provider's charge violates Washington insurance regulations. If that is the

ORDER GRANTING MOTION FOR
CLASS CERTIFICATION - 6

case, the CPA claim will fail on a class-wide basis. If, on the other hand, plaintiff is unable to establish that USAA adjusted PIP claims in a uniform way or that the appropriate remedy for a violation of the insurance code is payment of all unpaid amounts (whether reasonable or not), plaintiff's theory of the case falls apart and decertification may then be appropriate. At this point in the proceeding, however, virtually all of the questions regarding defendants' liability are common even if the answers may ultimately show that classwide relief is inappropriate.

**(2) Superiority of Class Action**

The second Rule 23(b)(3) consideration requires the court to evaluate alternative mechanisms of dispute resolution based on the factors listed in Rule 23(b)(3)(A)-(D). See Zinser v. Accufix Research Institute, Inc., 253 F.3d 1180, 1190 (9th Cir. 2001). USAA offers no alternative to class litigation other than for the putative class members to proceed with individual claims. Given those choices, the Court finds the class action to be superior. Although putative class members may have individual claims in the hundreds or even thousands of dollars, that amount pales in comparison to the costs of litigation. The Court is unaware of other litigation pending against USAA for the claims plaintiff asserts, and neither party has identified any particular hardship or inconvenience that may arise from adjudicating all class members' claims in this district. Requiring individual litigation of each claim "would not only unnecessarily burden the judiciary, but would prove uneconomic for potential plaintiffs." Hanlon, 150 F.3d at 1023. These factors suggest that individual class members do not have a significant interest in litigating their claims separately or in choosing their own forum. Thus, the first three factors of Rule 23(b)(3) weigh in favor of class action treatment. See Brown v. Consumer Law Associates, LLC, 283 F.R.D. 602, 615-16 (E.D. Wash. 2012).

The fourth factor, difficulties in managing the class action, may at some future time warrant reconsideration of this Order, but it does not support a refusal to certify the class in the first instance. If plaintiff prevails on the common questions discussed above, there will be no difficulty in adjudicating defendants' liability on a classwide basis. Individual damages awards would then be calculated from the EORs. In those circumstances, managing this single class action will be efficient and vastly superior to managing separate suits. If, however, it becomes clear that USAA did not adjust PIP claims in a uniform manner or that proof of injury to business or property will require individual trials, the superiority of the class action as a means of adjudicating the controversy in a fair and efficient way would be subject to question.

### III. CONCLUSION

For all of the foregoing reasons, it is hereby ORDERED that the following class is certified pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3):

> All Washington insureds who from September 1, 2015 to July 5, 2018 ("Class period") had their PIP claims for reimbursement of medical expenses reduced by Defendant USAA based solely on an Explanation of Reimbursement ("EOR") form sent to the insured's provider stating that the bill exceeded a "reasonable amount for the service provided."

Krista Peoples is hereby appointed representative of the certified class. Plaintiffs' counsel is designated as counsel for the class. The Court further orders defendants to provide a full and

//

//

ORDER GRANTING MOTION FOR
CLASS CERTIFICATION - 8

complete answer to Interrogatory No. 1 of "Plaintiff's First Set of Interrogatories and Requests for Production" (Dkt. # 7-1 at 68) within fourteen (14) days of the date of this Order.

DATED this 26th day of April, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION FOR
CLASS CERTIFICATION - 9