# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

KRISTA PEOPLES,

    Plaintiff,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION, *et al.*,

    Defendants.

Case No. C18-1173RSL

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT

This matter comes before the Court on "Plaintiff's Motion to Amend Complaint." Dkt. #53. For the following reasons, plaintiff's motion is GRANTED.

## **INTRODUCTION**

Plaintiff Krista Peoples is an insured of defendants United Services Automobile Association and USAA Casualty Insurance Company (collectively "USAA"). Dkt. #1-1 at ¶ 11. On September 26, 2015, plaintiff was involved in an automobile accident in Seattle, Washington. Id. at ¶ 7. Plaintiff sought medical treatment for injuries sustained during the accident and submitted a claim for reimbursement under the Personal Injury

ORDER GRANTING PLAINTIFF'S MOTION
TO AMEND - 1

Protection (PIP) coverage of her policy. Id. at ¶¶ 17, 22. USAA denied full payment of plaintiff's medical expenses. Id. at ¶ 34.

Under the Washington PIP statute, RCW 48.22.005(7), insurers are required to cover all "reasonable and necessary" medical expenses incurred by an insured as a result of injuries sustained in an automobile accident. Plaintiff's complaint alleges that USAA uses an automated, computerized program to determine whether submitted claims "exceed[] a reasonable amount for the service provided." Id. at ¶ 30. Plaintiff alleges that USAA does not independently investigate bills before denying coverage. Id. at ¶¶ 28–30. Plaintiff alleges that this practice violates the Consumer Protection Act (CPA), RCW 19.86, and moved for class certification of the CPA claim under Fed. R. Civ. P. 23(a) and (b)(3). Id.; Dkt. #23.

On March 8, 2019, while the class certification motion was pending, plaintiff moved to amend her complaint. Dkt. #53. Plaintiff seeks to add an individual and a class claim for breach of contract. Id. The proposed amendments include allegations that defendants' automated computer review relies on a sample of nationwide fees and does not distinguish reasonable charges within a specific geographic area. Id. at 4–5. On April 26, 2019, the Court granted plaintiff's motion to certify the following class for purposes of the CPA claim. Dkt. #60.

> All Washington insureds who from September 1, 2015 to July 5, 2018 ("Class period") had their PIP claims for reimbursement of medical expenses reduced by Defendant USAA based solely on an Explanation of Reimbursement ("EOR") form sent to the insured's provider stating that the bill exceeded a "reasonable amount for the service provided."

ORDER GRANTING PLAINTIFF'S MOTION
TO AMEND - 2

Id. at 8. Defendants do not oppose plaintiff's proposed addition of an individual breach of contract claim. Dkt. #57 at 2. Defendants object only to the addition of a class claim. Id.

## DISCUSSION

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The discretion in granting leave to amend is "to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051–52 (9th Cir. 2003). Courts consider five factors in granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the pleading has previously been amended. Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (citing Foman v. Davis, 371 U.S. 178 (1962)). Courts must grant all inferences in favor of allowing amendment. Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999). The party opposing amendment has the burden of showing that amendment is not warranted. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).

This motion is plaintiff's first motion to amend her complaint. Plaintiff argues that defendants will not be prejudiced by the amendment and that none of the other factors apply. Dkt. #53 at 6. Defendants argue that plaintiff unduly delayed filing her motion to amend and that they would be prejudiced by adding the proposed class contract claim. Dkt. #57 at 2.

**A. Undue Delay**

This Court has defined "undue delay" as a "delay that prejudices the nonmoving party or imposes unwarranted burdens on the court." Mansfield v. Pfaff, No. C14-

ORDER GRANTING PLAINTIFF'S MOTION
TO AMEND - 3

0948JLR, 2014 WL 3810581, at *4 (W.D. Wash. Aug. 1, 2014). Defendants argue that plaintiff unduly delayed filing this motion because plaintiff's counsel has known about the information giving rise to the proposed contract claim since at least 2013. Id. at 6. Plaintiff asserts that she learned of the information after "recent discovery" in "litigation against USAA in another state" (Dkt. #53 at 1, 4), and the record is insufficient to determine whether plaintiff was aware of all of the facts at the time of her initial complaint. Even if plaintiff knew this information at the time of her original pleading, that fact alone does not constitute an adequate basis for denying leave to amend because defendant has not shown prejudice as a result of the alleged delay. Kische USA LLC v. Simsek, No. C16-0168JLR, 2017 WL 698790, at *4 (W.D. Wash. Feb. 22, 2017). Plaintiff's motion was filed before the deadline for amending pleadings, the close of discovery, and the dispositive motions deadline. See MidMoutain Contractors, Inc. v. Am. Safety Indem. Co., No. C10-1239JLR, 2013 WL 12116509, at *3 (W.D. Wash. May 7, 2013) (finding no undue delay where defendant knew about theory raised in its motion to amend at the time of the original pleading when no major litigation dates had passed). The Court does not find a basis for undue delay.

**B. Prejudice**

Plaintiff's amended complaint can cause prejudice when it delays the proceeding and causes additional discovery. Sampson v. Knight Transportation, Inc., No. C17-0028-JCC, 2017 WL 4168273, at *2 (W.D. Wash. Sept. 19, 2017). While USAA asserts that adding a breach of contract claim will necessitate further discovery, it does not identify what classwide discovery is necessary or suggest that this discovery would be especially

costly or drawn-out. Dkt. #57 at 4–5. Plaintiff points out that defendants have never sought discovery of the claims related to their automatic review practices. Dkt. #59 at 3. A review of the Court's order granting class certification suggests that the new breach of contract claim involves similar issues affecting the same class of similarly situated insureds: the proposed class claim is based upon the same disputed review practice as the CPA claims in plaintiff's initial complaint. Dkt. #60.

Defendants' need to investigate the new claim does not justify a denial of plaintiff's motion to amend. Wizards of the Coast LLC v. Cryptozoic Entm't LLC, 309 F.R.D. 645, 652 (W.D. Wash. 2015) ("[D]elay alone is not sufficient to establish prejudice, nor is a need for additional discovery."). Plaintiff will file a motion for class certification on the proposed breach of contract claim, and defendants will have the opportunity to respond. Defendants have two options in response to the new motion for class certification: (1) reply substantively on the merits or (2) request further discovery utilizing the procedure in Fed. R. Civ. P. 56(d).[1]

//

---

[1] To the extent defendants request discovery, defendants must specifically identify the topics about which they need discovery, the nature of the discovery, and the particular facts they expect to obtain. See Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008) (explaining the requirements under Rule 56(d) and noting that "[f]ailure to comply with these requirements is a proper ground for denying discovery") (internal citations omitted) (quoting California *ex rel*. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 779 (9th Cir.1998)).

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion to amend is GRANTED. Plaintiff shall file her amended complaint within fourteen days of this order, and shall file the certification motion related to the contract claim on or before June 7, 2019.

Dated this 7th day of May, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge