THE HONORABLE ROBERT S. LASNIK

SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| KRISTA PEOPLES, an individual,<br><br>                      Plaintiff,<br><br>   v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION and USAA CASUALTY INSURANCE COMPANY,<br><br>                   Defendants. | No. 2:18-cv-01173-RSL<br><br>**CLASS ACTION**<br><br>FIRST AMENDED COMPLAINT FOR VIOLATION OF CONSUMER PROTECTION ACT CHAPTER 19.86 RCW<br><br>JURY TRIAL DEMANDED |

## I.     INTRODUCTION

Plaintiff, Krista Peoples, individually and on behalf of all members of the Class of similarly situated Washington health care providers, allege the following Complaint and causes of action against United Services Automobile Association and USAA Casualty Insurance Company ("Defendants" or "USAA").

## II.     PARTIES

1.     Plaintiff Krista Peoples is a Washington resident.  Ms. Peoples was injured in an auto accident occurring on September 26, 2015, in Seattle, King County, Washington.  Ms. Peoples resides in Seattle, King County, Washington.

2.     Defendants United Services Automobile Association and USAA Casualty Insurance Company are foreign insurance companies that are licensed to do business in Washington and did business in Washington and King County during the time period

FIRST AMENDED
CLASS ACTION COMPLAINT - 1

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

at issue.  As used herein, "USAA" refers to the Defendant corporations, United Services Automobile Association and USAA Casualty Insurance Company.  USAA has sold and/or underwritten automobile insurance policies in Washington that provided Personal Injury Protection ("PIP") coverage requiring the payment of "all reasonable and necessary" medical expenses incurred by a covered person arising from a covered accident within the meaning of the PIP statute, Chapter 48.22 RCW.

## III.   JURISDICTION AND VENUE

3.     Defendants removed this action to this Court from the King County Superior Court pursuant to 28 U.S.C. §§ 1332(d), 1446, and 1453, alleging that the Court has jurisdiction under the Class Action Fairness Act, along with diversity of citizenship between Plaintiff and Defendants.  Defendants allege the amount in controversy exceeds $5,000,000..

4.     During the time period at issue, USAA did and continues to do substantial business within King County, Washington.

5.     Defendants allege that venue is proper in the Western District of Washington pursuant to 28 U.S.C. §1391(2) as a substantial part of the events or omissions giving rise to the claims herein occurred in King County, Washington.

## IV.   FACTUAL ALLEGATIONS

**A.   Plaintiff's individual factual allegations**

6.     Plaintiff re-alleges and incorporations the allegations set forth in paragraphs 1 through 5 above.

7.     On September 26, 2015, Plaintiff was merging onto the on-ramp of northbound SR 99, near Bell Street, in Seattle, King County, Washington.

8.     While yielding for traffic ahead, the vehicle behind Ms. Peoples failed to slow down and crashed into Ms. Peoples's vehicle.

FIRST AMENDED
CLASS ACTION COMPLAINT - 2

9.     Plaintiff suffered injuries as a result of the crash and continues to have pain due to crash-related injuries.

10.    Plaintiff's vehicle sustained substantial damage.

11.    At the time, Ms. Peoples was insured by USAA through an automobile policy that contained PIP coverage.

12.    The PIP coverage provided for payment of reasonable and necessary medical expenses.

13.    The policy states that USAA will pay its insured's medical and hospital benefits, which consists of medical payment fees for medically necessary and appropriate medical services.

14.    Medical payment fees are defined to mean any amount that USAA wants to pay.

15.    The policy also states that USAA will pay the lesser of either the actual amount billed or a reasonable fee for the service provided.

16.    A fee is defined as reasonable if it falls within the range of fees generally charged for the service in the geographic area.

17.    Under the PIP statute, PIP coverage requires payment of "all reasonable and necessary" medical expenses.  *See* RCW 48.22.005(7)

18.    Under insurance regulations, WAC 284-30-330 *et seq*, insurers are required to adopt and implement reasonable procedures for investigating PIP insurance claims before refusing to pay them in full.

19.    Under insurance regulations, WAC 284-30-330 *et seq*, insurers are required to independently investigate a PIP insurance claim before refusing to pay it in full.

20.    Under insurance regulations, WAC 284-30-330 *et seq*, insurers are prohibited from misrepresenting facts relating to coverage and payment on a PIP claim.

FIRST AMENDED
CLASS ACTION COMPLAINT - 3

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1    21.    Plaintiff sought and received medical treatment for her injuries.

2    22.    The medical treatment Ms. Peoples received was causally related to her

3    injuries.

4    23.    The medical treatment Ms. Peoples received was reasonable and

5    necessary.

6    24.    As a result of receiving medical treatment and services for her injuries,

7    Ms. Peoples incurred medical expenses.

8    25.    USAA directs its insureds to have their providers bill USAA for treatment

9    and or directed insureds' providers to bill USAA directly rather than the patient or

10   insured.

11   26.    Ms. Peoples's medical treatment providers submitted bills for medical

12   expenses incurred by Ms. Peoples to USAA.

13   27.    USAA refused to pay the medical expense bills in full submitted by Ms.

14   Peoples's medical treatment providers.

15   28.    USAA refused to pay the medical expense bills in full even though the

16   bills submitted were the result of reasonable and necessary medical expenses.

17   29.    USAA refused to pay the medical expense bills in full even though Ms.

18   Peoples's had benefits under her policy that had not been exhausted at the time the

19   bills were submitted.

20   30.    For instance, on bills sent to USAA by Ms. Peoples's providers, USAA

21   sent those providers an Explanation of Reimbursement ("EOR").

22   31.    The EOR identified the service provider's name and billing address, the

23   billing provider's name and billing address, the patient, the date of service, the CPT

24   number for the treatment service billed, a description of the treatment service, the units

25   of the treatment being billed, the billed amount, and the "REIM Amount," for the

26   reimbursement amount.

27

FIRST AMENDED
CLASS ACTION COMPLAINT - 4

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

32.     On those EORs where USAA refused to pay Ms. People's medical treatment providers in full, the EOR stated, in pertinent part, that the bill "exceeded a reasonable amount for the service provided."  *See* **Exhibit 1** attached hereto.

33.     However, USAA conducted no independent investigation into the reasonableness of the bill before refusing to pay it in full.

34.     USAA relied solely and exclusively on an automated and arbitrary computerized bill review by a third-party, Auto Injury Solutions ("AIS").  The computer generated an EOR stating that the billed amount "exceeded a reasonable amount for the service provided."  USAA's practice of having AIS do automated computerized reviews and denials based on an EOR stating that the billed amount "exceeded a reasonable amount for the service provided" added an additional term or condition for payment that the billed amount be less than an arbitrary amount set by the computer.

35.     USAA did not know or investigate the identify, background, credentials, experience, or any other personal characteristic of the individual provider treating Ms. Peoples or those others in the area before refusing to pay the bill in full.

36.     USAA did not know or investigate whether the full amount billed exceeded the maximum reasonable amount for similar providers with similar years of experience or credentials in the city or location where the service was provided.

37.     Ms. Peoples sustained injury and economic damages as a direct and proximate result of USAA's failure to pay her medical expense bills in full, including damages and injury caused by the underpayment of her bills, nonpayment of her bills, and/or delay in payment of her bills.

38.     USAA also denied total payment on some of Ms. Peoples's medical treatment bills.

FIRST AMENDED
CLASS ACTION COMPLAINT - 5

39.    On the EORs at issue, USAA denied payment on Ms. People's medical treatment bills prior to determining whether the bill was reasonable and necessary. *See* **Exhibit 2** attached hereto.

40.    On the EORs at issue, USAA claimed that a provider's diagnosis did not "support" the service, the submitted documentation "does not support the medical necessity and/or relatedness of the treatment to the loss following an apparent lapse in treatment, or "Prior review of the submitted documentation did not substantiate the need for continued" therapy.

41.    However, these statements were false.

42.    USAA made a decision to deny the bill prior to evaluating the bill for any of the reasons identified in the EORs at issue.

43.    Prior to denying the bill, USAA did not know or investigate the identity, background, credentials, experience, or any other personal characteristic of the provider treating Ms. Peoples or those others in the area.

44.    Prior to denying the bill, USAA did not contact or communicate with the provider to discuss Ms. Peoples's treatment, the reasonableness of the bill, or the medical necessity of the treatment.

45.    Prior to denying the bill, USAA did not contact or communicate with the provider regarding whether additional information was necessary to evaluate the bill.

46.    Prior to denying the bill, USAA did not contact or communicate with the provider to identify specific information that was necessary to evaluate the.

47.    Prior to denying the bill, USAA did not contact or communicate with its insured to evaluate her background or any other personal characteristics concerning her treatment, the reasonableness of the bill, or the medical necessity of the treatment.

48.    Prior to denying the bill, USAA did not contact or communicate with its insured regarding whether additional information was necessary to evaluate the bill.

FIRST AMENDED
CLASS ACTION COMPLAINT - 6

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

49.   Prior to denying the bill, USAA did not contact or communicate with its insured to identify specific information that was necessary to evaluate the bill.

50.   In denying payment on these bills, USAA relied on a computer program that automatically flags certain bills for denial.

51.   These flags include arbitrarily and automatically denying bills where there is a 90-day gap in treatment or when the insured has exceeded 13 treatments for certain CPT procedures.

52.   USAA refused to pay these bills even though Ms. Peoples's providers determined that the treatments were reasonable and necessary.

53.   USAA's practices proximately caused Ms. Peoples to sustain injury and economic damages.

**B.   Putative class allegations**

54.   Plaintiff re-alleges the facts set forth in paragraphs 1 through 37 as if fully set forth in support of the claims of the Putative Class.

55.   From at least September 1, 2015 to July 5, 2018, more than 1,100 Washington insureds submitted reasonable medical expense bills for payment under a USAA PIP policy that reserved the right to pay any amount of its insureds' medical payment fees.

56.   From at least September 1, 2015 to July 5, 2018, more than 1,100 Washington insureds submitted reasonable medical expense bills for payment under a USAA PIP policy that paid medical payment fees that were either the lesser of the actual amount billed or a reasonable fee for the service provided.

57.   In the policy, a fee is defined to be reasonable if it falls within the range of fees generally charged for the service in the geographic area.

FIRST AMENDED
CLASS ACTION COMPLAINT - 7

58.     USAA insureds had their payments reduced based solely and exclusively on a computer program.  This putative Class consists of residents of multiple counties in Washington and is geographically diverse.

59.     The bills submitted for payment to USAA by this putative Class of more than 1,100 Washington insureds and had their payments reduced solely and exclusively on a computer program were reasonable.

60.     From at least September 1, 2015, to July 5, 2018, on those bills at issue, USAA stated in EORs that the bill exceeded a "reasonable amount for the service provided."

61.     Whenever the EOR stated that the basis for denying full payment of the amount billed for a CPT procedure was that the bill "exceeded a reasonable amount for the service provided," the process for denying payment was the same. The process was that USAA relied solely and exclusively on an automated and arbitrary computerized bill review Auto Injury Solutions ("AIS"). The computer generated an EOR stating that the billed amount "exceeded a reasonable amount for the service provided." USAA's practice of having AIS do automated computerized reviews and denials based on an EOR stating that the billed amount "exceeded a reasonable amount for the service provided" added an additional term or condition for payment that the billed amount be less than an arbitrary amount set by the computer.

62.     The billed amounts were the provider's usual and customary charge for the CPT procedure billed to auto insurers and paid by other auto insurers who did not use the computer program used by USAA.

63.     USAA processed, reduced, and paid the bills of the putative Class of more than 1,100 Washington insureds using the same common practices and procedures that were applied to bills submitted by Ms. Peoples and reduced based solely and exclusively on an automated computerized review of bills by AIS.

FIRST AMENDED
CLASS ACTION COMPLAINT - 8

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

64.     The average reduction on each EOR stating that the bill exceeded a "reasonable amount for the service provided" averaged less than $20.

65.     The average individual claim of the putative Class of more than 1,100 insureds for underpayments of their bills based solely on EORs stating that the bill exceeded a "reasonable amount for the service provided" is likely to be small and less than $200.  The time it would take insureds to contest the reductions makes it economically infeasible and/or impracticable to do so because the average individual reductions are so small.

66.     The time it would take insureds to contest the reductions or submit additional information to USAA cannot be justified as well because USAA would not and does not consider any such protests or additional information that would be submitted to support the reasonableness of the provider's charge for the CPT procedure billed.  There is no information that a Washington provider could submit to USAA that would cause USAA to pay the billed amount in full when the billed amount has been reduced based solely and exclusively on a computer program other than the insured informing USAA that the insured's provider has commenced action against the insured to be paid the difference between the amount billed and the amount paid by USAA.

67.     Prior to paying insureds' providers less than the full amount billed, USAA had not entered into a contract with the provider to accept less than the provider's usual and customary charge for the services billed other auto insurers.

68.     USAA had not entered into any contract with the provider to accept less than the market rate for the services provided, defined as the amount a willing patient would pay on the open market for the services.

69.     Nor did USAA offer to pay the provider in cash, in full, at the time of service.

FIRST AMENDED
CLASS ACTION COMPLAINT - 9

70.     USAA did not have a practice of offering to pay providers a reduced "cash rate" at the time of service.

71.     The amount paid was not based on a fee schedule set by the State of Washington.

72.     When USAA paid providers treating the putative Class of more than 1,100 Washington less than the full amount billed, the USAA claims representative or adjustor assigned to the claim did not independently investigate whether the amount billed was a reasonable amount for the provider to charge for the CPT procedure.

73.     Before USAA sent the reduced check or payment to those providers, no one else at USAA made such an investigation.

74.     In paying providers treating the putative Class of more than 1,100 Washington insureds less than the full amount billed based, the person who made the payment for USAA relied solely on a "Reim Amount" set out in the EOR as the amount to pay the provider for the CPT procedure billed.

75.     USAA's practices of making automatic reductions to the bills submitted by the providers treating the putative Class of more than 1,100 Washington insureds were a mere sham used by USAA to avoid its affirmative duty to pay all reasonable medical expense bills submitted and to conduct a reasonable investigation of the provider's PIP claim for reimbursement before denying full payment.  The practices were a mere sham because USAA's practices systematically, consistently and repeatedly underpaid providers and resulted in USAA systematically, consistently and repeatedly failing to make "payments of all reasonable" medical expenses under its PIP policy as required by the Washington PIP statute.

76.     The total amount in controversy on the claims of the members of the class described in this Complaint is substantially less than Five Million Dollars ($5,000,000).  The maximum amount of all damages, treble or exemplary damages,

FIRST AMENDED
CLASS ACTION COMPLAINT - 10

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1  costs and attorney fees, and/or any other relief awardable under Washington law is

2  less than Five Million Dollars ($5,000,000).

3       77. Plaintiff is a member of the Class of 1,100 Washington insureds

4  described above.

5            ***a)    Civil Procedure Rule 23 Allegations***

6       78. Plaintiff brings this action as a Class Action for damages sustained by

7  Plaintiff and the putative Class of Washington insureds described above pursuant to

8  Rule 23(a) and(b)(3) of the Washington State Superior Court Civil Rules. Plaintiff

9  seeks to certify the following Class:

10  
11         All Washington insureds who from September 1, 2015 to July 5, 2018
       ("Class period") had their PIP claims for reimbursement of medical
       expenses reduced by Defendant USAA based solely on an Explanation
12         of Reimbursement ("EOR") form sent to the insured's provider stating that the
       bill exceeded a "reasonable amount for the service provided".

13       79. **CR 23(a)(1):** Class certification is proper under CR 23(a) (1) because the

14  members of the class total more than 1,100 insureds and the insureds are

15  geographically dispersed over numerous cities and counties in the state of

16  Washington.

17       80. Because of the number of Class members and their geographic

18  dispersion, individual joinder of each putative Class member is not practicable.

19       81. **CR 23(a)(2):** Class certification is proper under CR 23(a)(2) because

20  USAA applied a common practice of making reductions to the bills of all Class

21  members over the class period from September 1, 2015 to July 5, 2018. USAA's

22  practices raise questions of law and fact common to all members of the Class

23  including:

24  a. Whether USAA's practice of making reductions to class member bills was based

25      on an automated computer review  to limit payments on Washington PIP claims.

26  
27  

FIRST AMENDED
CLASS ACTION COMPLAINT - 11

**BRESKIN** | **JOHNSON** | **TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

b. Whether USAA relied solely and exclusively on an automated and arbitrary computerized bill review by a third-party, Auto Injury Solutions ("AIS").

c. Whether the AIS computer generated an EOR stating that the billed amount "exceeded a reasonable amount for the service provided."

d. Whether USAA's practice of having AIS do automated computerized reviews and denials based on an EOR stating that the billed amount "exceeded a reasonable amount for the service provided" added an additional term or condition for payment that the billed amount be less than an arbitrary amount set by the computer.

e. Whether it was USAA's practice when making reductions to rely on the "REIM amount" set out by AIS's computer in a draft EOR and to not have USAA adjusters or representatives independently investigate if the full amount billed by the provider was reasonable in the provider's specific location or medical market or the full amount billed was reasonable for that provider to charge for the CPT procedure given the provider's background, experience and individual characteristics.

f. Whether USAA's practice of having AIS's computer do automated denials and reductions of provider bills violated the requirement in the PIP statute, RCW 48.22.005(7) because the practice resulted in USAA systematically, consistently and repeatedly failing to make "payments for all reasonable" medical expenses submitted on PIP claim.

g. Whether USAA's practice of having AIS's computer do automated denials and reductions of provider bills  violated the requirement in WAC § 284.30.330 *et seq.* that insurers adopt and implement reasonable procedures for investigating PIP insurance claims before denying full payment to insured's providers because the

FIRST AMENDED
CLASS ACTION COMPLAINT - 12

practice resulted in USAA systematically, consistently and repeatedly using a procedure that does not determine reasonable provider fees.

h. Whether USAA's practice of having AIS's computer do automated denials and reductions of provider bills violated the requirement in WAC § 284.30.330 *et seq.* that insurers conduct a reasonable investigation of a PIP insurance claim for payment of all reasonable medical expenses before sending an insured's provider a reduced check that denies full payment because the practice resulted in USAA systematically, consistently and repeatedly using a procedure that could not determine reasonable provider fees and resulted in USAA systematically, consistently and repeatedly failing to make "payments for all reasonable" medical expenses submitted on PIP claims.

i. Whether USAA's practice of using an EOR that represented a reimbursement amount that was reduced was based on a determination that the amount billed exceeded "a reasonable amount for the services provided" violated the provision of WAC § 284.30.330 *et seq.* barring insurers from misrepresenting facts relating to their payment of insurance claims because the program USAA relied upon cannot determine the maximum reasonable charge for any CPT procedure in any Washington area.

j. Whether USAA's practices of having AIS's computer do automated denials and reductions of provider bills or using a misleading EOR constituted unfair practices that violated the Washington Consumer Protection Act, RCW 19.86 *et seq.*

k. Whether USAA's practices were unfair practices under the standards adopted by Washington Courts including whether the practices were unfair because there were no benefits to insureds from USAA's practices that substantially outweighed the detriment to them and they could not avoid having their bills reduced.

FIRST AMENDED
CLASS ACTION COMPLAINT - 13

l. Whether USAA's practices were unfair CPA practices in relationship to the applicable Washington law and regulations relating to the payment of PIP insurance claims, including RCW 4.22.005(7) and WAC § 284.30.330 *et seq.*

m. Whether Class members sustained injury to their business caused by USAA's practice in the form of reduced payments, investigative costs, and out-of-pocket expenses, or in some other manner.

n. Whether USAA entered into agreement to provide PIP coverage and pay its insureds' medical and hospital benefits, including medical payment fees for medically necessary and appropriate medical services, and defined such medical payment fees as any amount that USAA wants to pay.

o. Whether USAA entered into agreement to provide PIP coverage and pay its insureds the lesser of either the actual amount billed or a reasonable fee for the service provided and defined a fee as reasonable if it falls within the range of fees generally charged for that service in the geographic area.

p. When USAA does not pay the actual amount an insured's provider billed, whether USAA pays all reasonable fees that fall within the range of fees generally charged for that service in the geographic area.

q. Whether USAA's failure to pay the lesser of either the actual amount an insured's provider billed or all reasonable fees that fall within the range of fees generally charged for the service in the geographic area is a breach of contract.

r. Whether USAA's breach of its policy to pay its insureds either the lesser of the actual amount billed or all reasonable fees that fall within the range of fees generally charged for the service in the geographic area cased damages to Plaintiff and Class members.

s. Whether USAA's reservation of the right to pay medical payment fees in any amount USAA wants is contrary to Washington law as set forth herein.

FIRST AMENDED
CLASS ACTION COMPLAINT - 14

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

82.   **CR 23(a)(3):** Class certification is proper under CR 23(a)(3) because Plaintiff's  claims are typical of the claims of the members of the putative class and USAA's defenses to the claims of Plaintiff are also typical of the defenses to such claims. The claims and defenses are typical because they arise out of the same common policies and practices which USAA applied to all of the putative Class of more than 1,100 Washington insureds described above. The claims arise from the same alleged unfair scheme undertaken by USAA to deprive Washington insureds of full benefits under their PIP policies because whenever the EOR states that the REIM amount is less than the amount billed and the explanation given is that the amount "exceeds a reasonable amount" USAA used the same allegedly unfair practice in denying full payment of the bill.

83.   **CR 23(a)(4):** Class certification is proper under CR 23(a)(4) because Plaintiff can fairly and adequately represent the interests of the other members of the Class.  Plaintiff has no interests that are antagonistic to the interests of the putative Class.  Plaintiff and the Class have the same interest in seeking full payment of all bills that were reduced based solely and exclusively on a computer program.  Plaintiff retained skilled attorneys who have represented claimants and class members with similar claims to those brought in this lawsuit.  Plaintiff's counsel have been appointed Class counsel in previous cases involving PIP claims and insurers' reliance upon computer programs to solely and exclusively reduce payments to insureds' providers.

84.   **CR 23(b)(3):** Class certification is proper under CR 23(b)(3) because the questions of law and fact common to the class, as set forth above predominate over any questions affecting only individual members of the class.  Common questions predominate because USAA undertook a common course of conduct towards all members of the class of Washington insureds and applied its practices at issue to all bills submitted under its PIP coverage during the class period.

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

85.     Class certification is proper under CR 23(b)(3) because a class action is a superior method for adjudicating the claims of the members of the class than more than 1,100 individual actions in numerous cities and counties of Washington that raise the identical factual and legal issues concerning USAA's PIP processing and payment practices.

86.     Class certification is a superior method of adjudicating the claims because the individual class members have little interest in individually controlling the prosecution of their claims. The average amount of the individual claims in controversy is likely to be less than $200.

87.     The class members are busy individuals who have limited time to devote to the prosecution of their individual claims.

88.     Class certification is a superior method of adjudicating the claims because there is no significant individual litigation already commenced by Washington insureds against USAA raising the identical claims.

89.     Class certification is a superior method of adjudicating the claims because it is desirable to concentrate the litigation and claims in a single forum to avoid duplicity of actions and inconsistent adjudications of identical claims. King County is a desirable forum for litigation of the class claims because it is the County in which most class members are located and where the Defendants' in-state witnesses are likely located.  The cost to the court system of the various counties where class members are located would be substantial if the claims were adjudicated on an individualized basis.

90.     Class certification is a superior method of adjudicating the claims because there are few difficulties likely to be encountered in the adjudication of the class members' legal claims. The King County Superior Court certified a litigation class

FIRST AMENDED
CLASS ACTION COMPLAINT - 16

1  that alleged similar claims in prior litigation. The common liability issues were tried to a

2  jury on a class basis and a verdict entered.

3  **V.     PLAINTIFF'S INDIVIDUAL CLAIMS**

4  **A.     Cause of Action: Violation of the Consumer Protection Act**

5          91.     Plaintiff re-alleges each and every allegation as set forth in paragraphs 1

6  through 53.

7          92.     USAA's practice of denying any and all payments to Plaintiff's providers

8  on medical expenses that were reasonable violated the requirement in the PIP statute,

9  RCW 48.22.005(7), to make payments of "all" reasonable medical expenses submitted.

10         93.     USAA's practice of denying any and all payments to Plaintiff's providers

11 on medical expenses that were reasonable violated WAC 284-30-330 *et seq.* that

12 required USAA to adopt and implement reasonable procedures for investigating PIP

13 insurance claims before refusing to pay them in full.

14         94.     USAA's practice of denying any and all payments to Plaintiff's providers

15 on medical expenses that were reasonable" violated WAC 284-30-330 *et seq.* that

16 required USAA to independently investigate a PIP insurance claim before refusing to

17 pay it in full.

18         95.     USAA's practice of having AIS do automated computerized reviews and

19 denials based on an EOR stating that the billed amount "exceeded a reasonable

20 amount for the service provided" added an additional term or condition for payment that

21 the billed amount be less than an arbitrary amount set by the computer.

22         96.     USAA's practice of having AIS do automated computerized reviews and

23 denials based on USAA using a 90 day gap in treatment or 13th treatment flag added

24 an additional term or condition for payment that the billed procedure had to be within a

25 90 day period after the accident or after the last treatment and/or that there had to be

26 less than 13 treatments.

27

FIRST AMENDED
CLASS ACTION COMPLAINT - 17

97.    USAA's practice of falsely claiming a provider's diagnosis did not "support" the service, the submitted documentation "does not support the medical necessity and/or relatedness of the treatment to the loss following an apparent lapse in treatment, or "Prior review of the submitted documentation did not substantiate the need for continued" therapy violated the requirement in WAC 284-30-330 *et seq.* to not misrepresent facts relating to coverage and USAA's payment of the PIP claim

98.    USAA's practices occurred in the course of its business and commerce.

99.    USAA's practices were part of a generalized course of conduct repeated on thousands of occasions when provider bills were submitted to USAA for payment under its PIP coverage over the pertinent class period.

100.    USAA's practice affected the public interest.

101.    The business of insurance affects the public interest.  RCW 48.01.030.

**B.    Cause of Action: Breach of Contract**

102.    USAA entered into an insurance agreement with Plaintiff that provides that USAA will pay its insureds' medical and hospital benefits, which consists of medical payment fees for medically necessary and appropriate medical services.

103.    The policy defines medical payment fees to mean any amount that USAA wants to pay.

104.    The policy also states that USAA will pay the lesser of either the actual amount billed or a reasonable fee for the service provided.

105.    A fee is defined as reasonable if it falls within the range of fees generally charged for a service in the geographic area.

106.    However, even where USAA does not pay the actual amount billed, it also does not pay all reasonable fees for the service provided as the term is defined in the policy.

FIRST AMENDED
CLASS ACTION COMPLAINT - 18

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

107.   USAA does not pay all reasonable fees within the range of fees generally charged for a service in the geographic area.

108.   The database USAA relies upon to implement its RF methodology does not ensure that USAA pays all fees that fall within the range of fees generally charge for that service in the geographic area; rather, the database is based on a sample of Medicare enrollees nationwide.

109.   USAA's failure to pay either the lesser of either the actual amount billed or a reasonable fee for the service provided as reasonable fees are defined in the policy constitutes a breach of the policy agreement.

110.   USAA's breach of the policy agreement proximately caused damage to Plaintiff.

**C.   Plaintiff's Damages on Individual Claims**

111.   As a direct and proximate result of USAA's wrongful conduct described in paragraphs 1 through 53 and 91 through 110, Plaintiff sustained injury to her property and damages in an amount to be established at trial.

112.   The injury and damages sustained by Plaintiff include, but are not limited to, investigative expenses and out-of-pocket costs incurred as a result of USAA's wrongful conduct.

113.   Plaintiff's individual claim is more than $210 but substantially less than $60,000.

**VI.   CLASS CLAIMS**

**A.   Cause of Action: Violation of the Consumer Protection Act**

114.   Plaintiff re-alleges each and every allegation as set forth in paragraphs 1 through 37 and 54 through 90 above.

115.   USAA's practice over the class period of denying full payment as set forth in EORs stating that the bill exceeded a "reasonable amount for the service provided"

1  violated the requirement in the PIP statute, RCW 48.22.005(7), to make payments of

2  "all" reasonable medical expenses submitted.

3      116.    USAA's practice over the class period of denying full payment as set forth

4  in EORs stating that the bill exceeded a "reasonable amount for the service provided"

5  violated WAC 284-30-330 *et seq.* that required USAA to adopt and implement

6  reasonable procedures for investigating PIP insurance claims before refusing to pay

7  them in full.

8      117.    USAA's practice over the class period of denying full payment as set forth

9  in EORs stating that the bill exceeded a "reasonable amount for the service provided"

10  violated WAC 284-30-330 *et seq.* that required USAA to independently investigate a

11  PIP insurance claim before refusing to pay it in full.

12      118.    USAA's practice of having AIS do automated computerized reviews and

13  denials based on an EOR stating that the billed amount "exceeded a reasonable

14  amount for the service provided" added an additional term or condition for payment that

15  the billed amount be less than an arbitrary amount set by the computer.

16      119.    USAA's practice over the class period of using a misleading EOR that

17  falsely stated that the reimbursement amount was based on a determination that the

18  amount billed was in excess of the maximum reasonable charge for the service

19  violated the requirement in WAC 284-30-330 *et seq.* to not misrepresent facts relating

20  to coverage and USAA's payment of the PIP claim.

21      120.    USAA's practices occurred in the course of its business and commerce.

22      121.    USAA's practices were part of a generalized course of conduct repeated

23  on thousands of occasions when provider bills were submitted to USAA for payment

24  under its PIP coverage over the pertinent class period.

25      122.    USAA's practice affected the public interest.

26      123.    The business of insurance affects the public interest. RCW 48.01.030.

27

FIRST AMENDED
CLASS ACTION COMPLAINT - 20

124.    USAA's practices occurred in the course of its insurance business and adversely affected more than 1,100 Washington insureds.

125.    USAA's practices over the Class period from September 1, 2015 to July 5, 2018 were unfair and in violation of the Washington Consumer Protection Act, Chapter 19.86 RCW *et seq*.

126.    There were no benefits to insureds from USAA's practices.  Any benefit to insureds from USAA's practice was substantially outweighed by the detriments to receiving reduced benefits on PIP claims.

127.    USAA's practices were unfair and in violation of the Washington Consumer Protection Act, Chapter 19.86 RCW *et seq.*, in relationship to the requirements of the PIP statute and WAC 284-30-330 *et seq*.

128.    The members of the putative Class of more than 1,100 insureds, including Plaintiff, sustained injury to their business and property caused by USAA's practice in the form of reduced benefits, investigative costs, and out-of-pocket expenses.

129.    The members of the putative Class of more than 100 insureds, including Plaintiff, sustained damages that were proximately caused as a direct result of USAA's practices.

130.    USAA is liable to Plaintiff and the Class for statutory, actual, and treble damages, prejudgment interest, attorney fees, and costs under the CPA, Chapter 19.86 RCW *et seq*.

**B.    Cause of Action: Breach of Contract**

131.    Plaintiff re-alleges each and every allegation as set forth in paragraphs 1 through 37 and 54 through 90 above.

132.    USAA entered into an insurance agreement with Plaintiff and the Class that provides that USAA will pay its insureds' medical and hospital benefits, which

FIRST AMENDED
CLASS ACTION COMPLAINT - 21

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1  consists of medical payment fees for medically necessary and appropriate medical

2  services.

3       133.    The policy defines medical payment fees to mean any amount that USAA

4  wants to pay.

5       134.    The policy also states that USAA will pay the lesser of either the actual

6  amount billed or a reasonable fee for the service provided.

7       135.    A fee is defined as reasonable if it falls within the range of fees generally

8  charged for a service in the geographic area.

9       136.    However, even where USAA does not pay the actual amount billed, it

10  also does not pay all reasonable fees for the service provided as the term is defined in

11  the policy.

12       137.    USAA does not pay all reasonable fees within the range of fees generally

13  charged for a service in the geographic area.

14       138.    The database USAA relies upon to implement its RF methodology does

15  not ensure that USAA pays all fees that fall within the range of fees generally charged

16  for that service in the geographic area; rather, the database is based on a sample of

17  Medicare enrollees nationwide.

18       139.    USAA's failure to pay either the lesser of either the actual amount billed

19  or a reasonable fee for the service provided as reasonable fees are defined in the

20  policy constitutes a breach of the policy agreement.

21       140.    USAA's breach of the policy agreement proximately caused damage to

22  Plaintiff and the Class.

23  **C.    Class Damages**

24       141.    As a direct and proximate result of USAA's wrongful conduct described in

25  paragraphs 1 through 37, 54 through 90, and 114 through 140 above, Plaintiff and

26  members of the putative class of Washington insureds sustained injury to their property

27

FIRST AMENDED
CLASS ACTION COMPLAINT - 22

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1    and damages in an amount that will be established at trial, but which amount totals

2    substantially less than $5,000,000. All relief available to the putative Class under

3    Washington law for damages, out of pocket expenses, attorney fees and any other

4    form of relief totals substantially less than $5,000,000.

5        142.    The injury and damages sustained by Plaintiff and putative Class

6    members include, but are not limited to, investigative expenses and out-of-pocket costs

7    incurred as a result of USAA's wrongful conduct.

8        143.    As a direct and proximate result of USAA's breach as described in

9    paragraphs 1 through 37, 54 through 90, and 131 through 140 above, Plaintiff and

10   members of the putative class of Washington insureds were damaged in an amount

11   that will be established at trial.

12       144.    Excluded from damages are reduced or denied bills submitted on PIP

13   claims where the policy limits on the claims were already exhausted at the time the bill

14   was submitted for payment to USAA.  Damages include bills that were reduced or

15   denied when sufficient policy limits existed on the PIP claim to pay the bill when the bill

16   was submitted to USAA for payment. Damages include out of pocket expenses that

17   were incurred as a result of USAA's reduction or denial of a bill without regard for

18   whether and when policy limits became exhausted.

19                        **VII.    RELIEF REQUESTED**

20       145.    WHEREFORE, Plaintiff and the putative class request that a judgment be

21   entered in their favor against Defendants on their Consumer Protection Act claims and

22   that the Court:

23       146.     Certify the case as a Class Action under CR 23(a) and 23(b)(3) on behalf

24   of the alleged putative class of insureds;

25       147.    Award actual damages to be established at trial as provided by the

26   Consumer Protection Act ("CPA"), Chapter 19.86 RCW *et seq.*;

27

FIRST AMENDED
CLASS ACTION COMPLAINT - 23

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1   148.    Award treble damages as provided by the CPA, Chapter 19.86 RCW *et*

2   *seq.*;

3   149.    Award Plaintiff a reasonable class representative fee in an amount

4   approved by the Court and award reasonable attorney's fees and costs as provided by

5   the CPA and class action law in amounts approved by the Court;

6   150.    Award Plaintiff and the Class prejudgment interest at the rate of 12% per

7   annum as provided by the CPA, Chapter 19.86 RCW *et seq.*, or such other rate as

8   provided by law;

9   151.    Award Plaintiff and the Class, their reasonable litigation expenses,

10  disbursements, and costs of suit;

11  152.    Award Plaintiff and the Class damages sustained as a result of

12  Defendants' breach; and

13  153.    Award Plaintiff and the Class appropriate injunctive and equitable relief.

14  DATED:May 15, 2019.

15  **BRESKIN JOHNSON TOWNSEND, PLLC**

16  By:_____*s/Brendan W. Donckers*_____
    David E. Breskin, WSBA #10607
17  Brendan W. Donckers, WSBA #39406
    1000 Second Avenue, Suite 3670
18  Seattle, WA 98104
    Tel:  (206) 652-8660
19  dbreskin@bjtlegal.com
    bdonckers@bjtlegal.com
20

21  WASHINGTON INJURY LAWYERS PLLC

22  By:_____*s/Young-Ji Ham*_____
    Young-Ji Ham, WSBA #46421
23  1001 Fourth Avenue, Suite 3200
    Seattle, WA 98154
24  Tel:  (425) 312-3057
    youngji@washinjurylaw.com
25
    *Attorneys for Plaintiff*
26

27

FIRST AMENDED
CLASS ACTION COMPLAINT - 24

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1

## **CERTIFICATE OF SERVICE**

2       I hereby certify that on the date below, I electronically filed the foregoing with the

3   Clerk of the Court using the CM/ECF system which will send notification of such filing

4   to all counsel of record as follows:

5           Michael A. Moore
            mmoore@corrcronin.com
6           John T. Bender
            jbender@corrcronin.com
7           CORR CRONIN LLP
            Sharon Damon, sdamon@corrcronin.com
8           Mary Beth Dahl, mbdahl@corrcronin.com
            Christy Nelson, cnelson@corrcronin.com
9
            David C. Scott
10          dscott@schiffhardin.com
            Jay Williams
11          jwilliams@schiffhardin.com
            SCHIFF HARDIN LLP
12          Dede Kokolis, dkokolis@schiffhardin.com
            Rob Boley, rboley@schiffhardin.com
13
        DATED this 15th day of May, 2019, at Seattle, Washington.
14

15

16                  *s/ Rachael Tamngin*
                    Rachael Tamngin, Legal Assistant
17

18

19

20

21

22

23

24

25

26

27

FIRST AMENDED
CLASS ACTION COMPLAINT - 25

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660