UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KRISTA PEOPLES,

        Plaintiff,

    v.

UNITED SERVICES AUTOMOBILE
ASSOCIATION, *et al.*,

        Defendants.

NO. C18-1173RSL

ORDER RENOTING MOTION FOR
CLASS CERTIFICATION OF THE
BREACH OF CONTRACT CLAIM

This matter comes before the Court on "Plaintiffs' Motion for Class Certification of Breach of Contract Claim and Appointment of Class Representative and Counsel." Dkt. # 67. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

Plaintiff alleges that defendants United Services Automobile Association and USAA Casualty Insurance Company (collectively "USAA") breached the Personal Injury Protection ("PIP") provisions of their automobile policies, both as written and as reformed to remove an invalid limitation on coverage. According to plaintiff, USAA refused to pay (or limited payment for) medical provider bills whenever an automated review process indicated that the charges for a particular procedure exceeded a certain threshold established in a database maintained by the actuarial firm Milliman, Inc. Plaintiff alleges that the failure to investigate or otherwise make an

ORDER RENOTING MOTION - 1

individualized determination regarding the reasonableness or necessity of the provider's charges before denying payment constitutes a breach of the promise to pay medical and hospital fees as billed or up to an amount that "falls within the range of fees generally charged for that service in the geographic area." Plaintiff seeks to certify a class comprised of:

> All Washington insureds who from September 1, 2015 to July 5, 2018 ("Class period") had their PIP claims for reimbursement of medical expenses reduced by Defendant USAA based solely on an Explanation of Reimbursement ("EOR") form sent to the insured's provider stating that the bill exceeded a "reasonable amount for the service provided.

Dkt. # 64 at ¶ 78. The proposed contract class is the same class certified by the Court to pursue the Washington Consumer Protection Act claim. Dkt. # 60 at 8.

In response, defendants requested additional time in which to take discovery regarding the breach of contract claim and the propriety of class certification. Defendants seek to depose plaintiff and one of her medical providers in order to ascertain (a) whether plaintiff has assigned her rights under the policy to the provider (as alleged in a lawsuit the provider filed against defendants for payment of the same amounts at issue here) and (b) how the provider calculated the fee it charged.

The Court has doubts that the method by which an individual provider calculates its charges is relevant to the evaluation of reasonableness as that term is used in the policy. Nevertheless, the proposed discovery arguably goes to whether plaintiff can establish her individual contract claim (*i.e.*, whether defendants continue to owe a contractual duty to plaintiff and whether plaintiff was damaged by the lack of payment) and whether individual issues predominate over issues that can be resolved on a classwide basis. If plaintiff assigned her right to pursue payments to her provider, the assignee would have stepped into her shoes under

ORDER RENOTING MOTION - 2

Washington law.[1] Defendants further assert that the assignee brought a direct cause of action against the insurer to recover the amounts at issue here, and that the claim was dismissed with prejudice. See Estate of Jordan by Jordan v. Hartford Acc. and Indem. Co., 120 Wn.2d 490, 495 (1993). If plaintiff's breach of contract claim is susceptible to a defense that she assigned her rights to the provider or otherwise compromised her claim and/or if each class member would have to prove that his or her provider's bill was, in fact, reasonable in order to establish damages for a breach of contract, plaintiff's ability to maintain a class under Rule 23 would be in doubt.

For all of the foregoing reasons, defendants will be permitted to take discovery before the class certification motion is resolved. Given the length of time that has already passed, the depositions which occurred in August, and defendants' long familiarity with the provider's claim to a right to pursue payments directly from the insurer, a four month continuance is not justified. The Clerk of Court is directed to renote plaintiff's motion for class certification regarding the breach of contract claim (Dkt. # 67) for consideration on Friday, December 6, 2019. Defendants may, on or before December 2nd, file a substantive opposition to plaintiff's motion. Plaintiff's reply is due on or before the note date.

Dated this 15th day of October, 2019.

Robert S. Lasnik
United States District Judge

---

[1] Plaintiff argues that she assigned only the right to receive payments under the policy, not the right to sue for failing to make those payments. The Court will not make that determination in the context of this request for a Rule 56(d) continuance.

ORDER RENOTING MOTION - 3